No. 17,586.

D. L. MANN *v.* GEORGE B. FRIDEN, ET AL.

(287 P. [2d] 961)

Decided September 6, 1955. Rehearing denied October 10, 1955.

Messrs. WAGNER & WYERS, for plaintiff in error.

Messrs. ROBINSON & CURRAN, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANTS in error as plaintiffs on November 4, 1954, filed their complaint against defendant, now plaintiff in error, for dissolution of partnership, accounting of partnership affairs and injunction. The substance of the complaint is as follows:

That about January 1, 1949, plaintiffs and defendant, by oral agreement, formed a partnership to engage in the construction business under the name of "Mann Construction Company" for an indefinite time; that Friden and Mann were to contribute their services; that Friden was the owner of a two-fifths interest in the firm, Mrs. Freidmann one-fifth and Mann two-fifths; that in May, 1954, the surplus and undivided profits were over $150,000.00; depreciation reserves were about $75,000.00; and liabilities were about $2,300.00; that Mann had refused to account to plaintiffs; and that on October 27, 1954, Mann took exclusive possession of the records and other effects, including real property and equipment, and that he might dispose of them to the damage of plaintiffs. An accounting, receivership and dissolution were prayed for.

At the time of the service of the summons and copy of the complaint, a notice was served that plaintiffs would appear on November 20 for immediate hearing of their petition for appointment of receiver pendente lite. By subpoenas duces tecum plaintiffs were required to bring into court all records of the construction company without any limitation as to time. Motion for continuance was filed by defendant; it was stated that the attorneys for defendant had not had time to analyze the records involved and do other things necessary for the proper preparation of the involved litigation. This motion was overruled and defendant was required to go forward with the trial.

At the conclusion of about six days trial, the court

made the following comments, findings and orders: It was necessary for plaintiffs to establish contracts and to present their assets in the business and to divide the profits and losses in certain proportions; that certain income tax returns and financial statements indicated that defendant Mann had intended to form a partnership, and these statements estopped him from denying its existence; that Mrs. Freidmann did not participate in the business. At that time the court made the following comment: "Now, then, we must find some reason for making her a partner, some reason on behalf of D. L. Mann that is the defendant here, because it would not be a gratuitous situation"; and that Mann made her a partner in settlement of an obligation to pay her alimony; further that Friden originally was an employee; that he became a partner in 1949; and that the partnership was dissolved on October 27, 1954. The court made the following significant statement:

"Now, then, as to the receiver, the evidence discloses that Mr. Mann is not insolvent. He is a man that apparently, according to the evidence, has means. It is not the desire of the Court to jeopardize this business more than we have to if he wants to continue to operate; and it is still not the desire to deprive Mr. Friden of his rightful share of this partnership. The Court feels that probably the better way to handle it would be to have a bond executed by Mr. Mann saving Mr. Friden whole of any wrongful acts that might take place on behalf of Mr. Mann. I doubt very much if that would happen.

"The petition, of course, for the receivership under those circumstances will be denied with the understanding that a bond be executed holding Mr. Friden whole as far as the assets of the property are concerned until an accounting is made."

Attorneys for plaintiffs or applicants, were directed to prepare an order. Objections were presented to portions of the order which enjoined Mann from going ahead in the conduct of his business unless he filed a

bond in the amount of $50,000.00 and restraining him in any event from using more than $10,000.00 of the cash belonging to the Mann Construction Company. The true basis of defendant's objection to the findings and order was that the court had issued an injunction enjoining the use of the assets unless he furnished a bond. The trial court apparently overlooking provisions of Rule 65, R.C.P. Colo., concerning injunctions, and particularly the part requiring the furnishing of bond by the applicant. When this motion was presented the court reversed its previous finding and order denying the motion for appointment of a receiver and directed that a receiver be appointed forthwith. Stay of execution was denied by the trial court, and this Court on December 27, 1954, stayed execution, conditioned upon the giving of $10,-000.00 bond, which was filed and is now in full force and effect.

To the order appointing a receiver, defendant procured a writ of error; however, counsel for both parties joined in a motion requesting a final determination on the briefs filed in connection with the application for supersedeas.

The entire matter hinges on the question of receivership, and the record as presented on that question is fatal to plaintiffs right to a receivership. First, there is grave doubt as to the existence of a legal partnership between all parties involved, and second, if a partnership can be spelled out of the entire record, then and in that event, plaintiffs, as partners in the concern, would have a right to an accounting and probably a dissolution, but no right to a receivership under the Uniform Partnership Law.

Long prior to the date of the alleged formation of the partnership, and commencing about 1945, defendant Mann, by virtue of his veteran's priority, bought construction machinery at some 10 to 25 per cent of the market value, and together with a number of employees engaged in certain kinds of contracting, chiefly trench-

ing and similar excavating work. In 1947, his son, George B. Friden, entered his employ. Friden had no technical training and while he had never earned more than $2,400.00 in any one year, his father started him at a salary of $300.00 a month and increased it to $350.00, and gave him an amount equal to 40 per cent of the income tax net profits of the business. Friden bought no part of the equipment and he contributed no part of the capital. Everything was provided by Mann, and the record discloses that whatever the arrangement with Friden was with respect to compensation; whether on a specified wage basis or a percentage of the net income, he usually was overdrawn. Friden stated that he stopped rendering any full time service to Mann Construction Company in the early spring of 1954, but he was unable to evaluate this work; however, he drew $8,070.37 between January 14 and October 1, of that year.

The complaint alleges the formation of a partnership on or about January 1, 1949; however, the only evidence on the subject concerning anything that could be called a partnership relation was in a conversation between Mrs. Freidmann and Mann in May of 1950, at which Friden and his first wife were present, but did not agree to do anything and did not participate in any other way. This variance between the pleading and the proof was permitted by the trial court over the objection of defendant. Mrs. Freidmann testified that Mann then stated his intention of dividing the income from his business so that she would received 20 per cent, Friden 40 per cent and Mann retain 40 per cent. This conversation shows that Mrs. Freidmann was in no way affected except as to the receipt of income. There was nothing said about the length of time for which the arrangement would continue, and it is clear that Mrs. Freidmann never performed any service for the construction company, provided no part of the capital of the business, or bought any of the equipment, and never gave any consideration for any income she might receive from the company.

This arrangement was nebulous to say the least and no part of any agreement or understanding supposed to have been reached in this conversation was ever reduced to writing.

Mrs. Freidmann was the divorced wife of defendant Mann, who made a property settlement with her, agreeing to pay her alimony. He later voluntarily increased the amount and paid more than he had agreed to pay, all of which is undisputed. There is no conflict of consequence in the evidence as to Mann's financial responsibility or his capabilities in the operation of the construction business, and there is no showing of any fraud, concealment or wrongdoing on his part. It also is shown that he owned or had substantial real-estate holdings, in addition to the assets to the business, including the machinery, equipment, accounts receivable and cash.

On the face of the entire record the trial court was right in denying plaintiff's application for the appointment of a receiver in the first instance; however, it was in error in vacating this order and appointing a receiver. There is no evidence to the effect that the property in the possession of Mann was about to be removed beyond the jurisdiction of the court or in any danger of being lost, injured or impaired. Mrs. Freidmann, from her own testimony, did not assert or prove any interest in the assets of the construction company. Friden asserted an interest, but failed in proof thereof.

Aside from the lack of proof as to the matters just related, there is no evidence of any partnership contract, and particularly none of January 1, 1949. There was a conversation between some of the parties in May of 1950; however, this did not result in an enforceable contract, because neither Freidmann or Friden agreed to pay any consideration to Mann or do anything for an interest, either then or at any stated time; moreover, there was absolutely no agreement or understanding between Freidmann and Friden, neither of whom agreed to share any losses. It is to be remembered that this action is

between the parties and not a creditor's action, and any dealings by Mann with outside parties is immaterial. If the partnership had been proven, which it was not, the appointment of a receiver was erroneous, because neither of the plaintiffs had acquired an interest in the assets in question and if they had an interest they would be entitled only to an accounting or dissolution, but not a receivership.

 It would appear from the entire record that this was an attempt by plaintiffs to compel defendant to give them something to which they were not entitled and for which they had paid no consideration. A receivership is an extraordinary remedy and should be exercised with the gravest of caution. There is no dispute in the evidence here that the entire capital of the business was contributed by Mann and this should be an influential fact in the determination that the other parties were not entitled to the appointment of a receiver. A partnership can only be created by a contract of the parties and that contract is one whereby they agree to place their money, effects, labor and skill in a lawful business and to divide the profits and bear the loss in certain proportions. These conditions do not obtain under the facts presented by the evidence.

As heretofore shown the court went far afield in trying to find a way to make Mrs. Freidmann a partner by determining that Mann proffered her a percentage to settle a previous alimony obligation. There is no evidence to support this statement and when questioned concerning this alimony question, Mann testified that he was overpaid, and this was not contradicted by Mrs. Freidmann in the slightest. We have a situation where two of the alleged partners never had any agreement between themselves even though there was a semblance of agreement with Mann. It was necessary that there be an understanding and agreement between each of the parties before there could be any contract of partnership.

 An examination of the Uniform Partnership

Act, which governs the formation, operation and dissolution of partnerships and the rights and duties of partners, one to another, and to third persons, is clear. That a partner has a right to an accounting, a right to a dissolution, the right to contribution, and various rights on dissolution, but nowhere does this Act provide that even a bonda fide partner has a right to receivership for property that he said belonged to the firm. If plaintiffs had any right whatever it was an ownership right and not a creditor's right. This court held in *Hepner v. Miller,* 130 Colo. 243, 274 P. (2d) 818, that a receiver for a solvent, going concern could not be appointed in the absence of any charge of fraud, because of no statutory authority for such an appointment for a corporation on behalf of the stockholders. The reasoning in that case is applicable here. Equity does not lend the extraordinary aid of appointing a receiver for property alleged to be that of a partnership unless an actual partnership is shown by satisfactory proof, and even then, it is a discretionary matter for the court to determine whether, under the circumstances shown, a receiver should be appointed. The circumstances here do not warrant any such remedy.

For the reasons herein stated, the order of the trial court on December 20, 1954, appointing a receiver was erroneous, and the cause is remanded with directions to the trial court to vacate and set aside this order.