493 P.2d 673 (1972)
In the Matter of the ESTATE of Judith PERINI, Deceased.
Ellen BENNETT, Executrix, Respondent-Appellant,
v.
Carl N. PERINI, Petitioner-Appellee.
No. 70-683.
Colorado Court of Appeals, Div. I.
February 8, 1972.
David B. Richeson, Denver, for respondent-appellant.
Isaac S. Willson, Denver, for petitioner-appellee.
Not Selected for Official Publication.
*674 ENOCH, Judge.
This is an action for the construction of a will. Respondent-appellant, Ellen Bennett, is the Executrix of the Estate of Judith Perini, deceased, and will be referred to as Executrix. Petitioner-appellee, Carl N. Perini, is the surviving spouse of Judith Perini and will be referred to as Perini.
Judith Perini died in April 1970, and was survived by her husband, Perini; a daughter by a prior marriage, Marla Witmer; and her mother, the Executrix. Thereafter, Perini filed a petition to construe testatrix' will and in particular a portion of Article 4, which stated:
"In the event I, Judith Perini, should predecease my husband, Carl N. Perini, it is my will and desire and I therefore bequeath, give and devise unto him an undivided one-half (½) interest in and to the following described property, to-wit:
Lot forty-seven (47), PARAMOUNT PARK . . . ."
Perini alleged in his petition to construe the will that testatrix, at the time of her death, owned an undivided ½ interest in the described property and that the legal intent and effect of her will was to vest this interest in him.
The trial court found that the will was not ambiguous and held that testatrix' undivided ½ interest, as shown by the estate inventory filed by Executrix, passed to Perini under the will.
Executrix appeals, alleging the trial court erred in finding the will was unambiguous, in refusing to allow parol evidence, and in finding that testatrix owned only an undivided ½ interest in the property. We affirm.

I.
The disputed property was purchased in joint tenancy by testatrix and Perini prior to their marriage. Following their marriage, testatrix and Perini executed a joint will, and one week thereafter, they conveyed the property to themselves as tenants in common.
It is the duty of the court, in construing a will to determine the actual intent of the testatrix and to see that this intent is carried out, provided that the intent conforms to law and public policy. Meier v. Denver United States National Bank, 164 Colo. 25, 431 P.2d 1019; Heinneman v. Colorado College, 150 Colo. 515, 374 P.2d 695. Where a will is unambiguous, it may not, however be explained by extrinsic evidence so as to dispute its plain meaning. Heinneman v. Colorado College, supra. This rule, prohibiting extrinsic evidence is designed to protect the intention of the testator and to conform with the dictates of the statute of wills. Tarr v. Newby, 146 Colo. 296, 361 P.2d 622.
We find no error in the trial court's determination that the will was unambiguous; therefore, the court properly disallowed parol evidence. Testatrix' will devised an undivided ½ interest in the property to Perini. This language does not admit to any construction other than that testatrix intended Perini to receive under the will a ½ interest if testatrix owned such an interest at the time of her death. Executrix' contention that testatrix intended Perini to own a total of an undivided ½ interest whether under the will or otherwise is unwarranted.

II.
Executrix also alleges that it was error for the trial court to refuse to permit parol evidence to show that testatrix owned more than an undivided ½ interest in the property. Although parol evidence is admissible to rebut the presumption that the interest of tenants in common is equal (See Nippel v. Hammond, 4 Colo. 211), the issue before the court here was not the title to the property, but construction of the will. The trial court made no determination as to what interest, if any, the respective parties, including the testatrix, had in the property either prior to the date of death or subsequent thereto. Therefore, it was not error for the trial *675 court to exclude evidence offered to rebut the presumption of equal interest in the property.
Judgment affirmed.
SILVERSTEIN, C. J., and SMITH, J., concur.