508 P.2d 413 (1973)
Marla WITMER, by her next friend and Guardian, Ellen E. Bennett, Plaintiff-Appellee,
v.
Carl N. PERINI, Defendant-Appellant.
No. 71-437.
Colorado Court of Appeals, Div. I.
February 27, 1973.
Rehearing Denied March 13, 1973.
Certiorari Denied April 16, 1973.
Richeson & McCain, David B. Richeson, Denver, for plaintiff-appellee.
Isaac S. Willson, Wheat Ridge, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
Although the subject of this action relates to a will and the distribution of property effected by that instrument, plaintiff has based her claim of title to certain disputed property on the proof of the existence of an oral contract between defendant, Carl Perini, and his deceased wife, Judith Perini.
Carl Perini and Judith Perini executed a joint will on October 9, 1964. The portion *414 of that will most pertinent to the present action follows:
"In the event I, Carl N. Perini, should predecease my wife, Judith Perini, it is my will and desire, and I therefore, bequeath, give and devise unto my beloved son, Robert Perini, the sum of ONE THOUSAND AND NO/100 DOLLARS ($1,000.00) to become his absolutely.
All the rest, residue and remainder of my property, both real and personal, wheresoever situated of any kind or nature, I give, devise and bequeath unto my beloved wife, Judith Perini, to become hers absolutely.
In the event I, Judith Perini, should predecease my husband, Carl N. Perini, it is my will and desire, and I therefore, bequeath, give and devise unto him an undivided one-half (1/2) interest in and to the following described property, to-wit:
Lot Forty-seven (47), PARAMOUNT PARK, according to the recorded plat thereof, County of Jefferson, State of Colorado,
to become his absolutely.
All the rest, residue and remainder of my property, both real and personal, wheresoever situated of any kind or nature I give, devise and bequeath unto Ellen Bennett, in trust, for the uses and purposes hereinafter provided.
(a) I direct my trustee to pay MARLA WITMER, the net income of the trust estate and such sums from principal as my trustee shall deem necessary or advisable for the support, care, maintenance and education of her until such time as she attains the age of twenty-one (21) years.
(b) When Marla Witmer attains the age of twenty-one (21) years I direct my trustee to pay her the entire trust estate remaining to vest in her and to become her property absolutely."
In April 1970, while vacationing in Kentucky, Mr. and Mrs. Perini were involved in an automobile accident. Judith Perini died from injuries received in that accident. The will was admitted to probate and Ellen Bennett, Judith Perini's mother, was appointed executrix of the estate. Carl Perini filed a petition in the probate proceedings for construction of the will to determine whether decedent's interest in the described real property, located at 2582 Newcomb Street, was devised to Carl Perini, or Marla Witmer, Judith Perini's daughter. As a result of its construction of the will, the probate court awarded to Carl Perini the decedent's one-half interest in 2582 Newcomb Street. This judgment was appealed to the Court of Appeals, and we affirmed the decision. In Re Estate of Perini, Colo.App., 493 P.2d 673. In that case this court upheld the trial court's ruling that the will was unambiguous and that no parol evidence should be allowed in the construction of the will.
In July of 1970, Carl Perini filed a forcible entry and detainer action against Ellen Bennett and Marla Witmer concerning their continued residence at 2582 Newcomb Street. This action was also decided in Perini's favor and was subsequently appealed to this court. Perini v. Bennett, Colo.App., 493 P.2d 675. There we held that where the probate court had not determined the question of title to 2582 Newcomb Street, the trial court in an unlawful detainer action could properly determine title and other issues relevant to the detainer action. Therefore, the trial court's order that Ellen Bennett and Marla Witmer return the property to Carl Perini and pay $750 rent was upheld.
Ellen Bennett on behalf of Marla Witmer then initiated the present action. Her complaint alleges that an oral contract was entered into by Judith and Carl Perini to the effect that Marla Witmer would be provided for should either die. By the terms of this alleged contract, Judith Perini was to receive all but $1000 of Carl Perini's estate, should we predecease her. Should she predecease him, the alleged contract provided that all of Judith Perini's estate would go to plaintiff for her support and education. Plaintiff alleged that *415 this contract was merged into the joint will prepared by Judith and Carl Perini. The ensuing trial was to a jury, and they returned a verdict for plaintiff. The judgment awarded Marla Witmer an undivided one-half interest in 2582 Newcomb Street.
An examination of the joint will in question discloses its contractual nature. However, plaintiff asserts that the meaning and construction given the will is inconsistent with the oral agreement allegedly entered into between Judith and Carl Perini prior to the date of execution of the will. Concerning the enforcement of contracts to make a will, such as the alleged contract upon which this action is premised, the Legislature has enacted C.R.S.1963, 153-5-41, which reads as follows:
"(1) Every agreement to make a will, to give a legacy or make a devise, or to make any provision by will, or to refrain from making or revoking a will, shall be void unless such agreement, or some note or memorandum thereof, shall be in writing and subscribed by the party charged therewith. The fact that two or more wills were executed at or about the same time by different persons or shall contain mutual or reciprocal provisions, or both, shall not be any evidence that such wills were made in consideration of each other."
"(2) This section shall be applicable only to agreements entered into after its passage [April 29, 1959]."
The complaint alleged that the contract between Carl and Judith Perini was merged into the joint will. If this assertion was made so that the will would be considered a memorandum of the agreement in satisfaction of C.R.S.1963, 153-5-41, then plaintiff is bound by the previous construction of the will. If on the other hand plaintiff's action is solely upon the oral contract to make a will, the action cannot be maintained because of the statute. To avoid the consequences of these two alternatives, plaintiff would have us rule that the contract was merged into the joint will for the purpose of satisfying C.R.S.1963, 153-5-41, but would then have us affirm a jury verdict determining that the terms of the joint will are not the terms of the alleged contract. This we will not do.
The statute in question is analogous to the customary statute of frauds, the application of which requires that a sufficient memorandum must contain the terms of the contract sought to be enforced. Micheli v. Taylor, 114 Colo. 258, 159 P.2d 912. In the instant case the clear and unambiguous terms of the will are not the same as those of the alleged contract, and the will therefore does not constitute a sufficient memorandum of the agreement. Shive v. Barrow, 88 Cal.App.2d 838, 199 P.2d 693. Since the only written memorandum of the agreement offered by plaintiff is the joint will, plaintiff failed to establish a right to recover, and the trial court erred in not dismissing the action after plaintiff had rested her case.
We reverse the judgment and remand with directions to the trial court to enter judgment for the defendant.
SILVERSTEIN, C. J., and PIERCE, J., concur.