526 P.2d 313 (1974)
In the Matter of the ESTATE of Judith PERINI, Deceased.
Madeline C. RUDOLPH, Administratrix, Petitioner-Appellant,
v.
Carl N. PERINI, Respondent-Appellee.
No. 73-394.
Colorado Court of Appeals, Div. II.
July 9, 1974.
Rehearing Denied July 30, 1974.
Certiorari Denied October 21, 1974.
*314 Richeson & McCain, David B. Richeson, Denver, for petitioner-appellant.
Isaac S. Willson, Wheat Ridge, for respondent-appellee.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
The administratrix of the Estate of Judith Perini, deceased, appeals from an order denying her motion to determine the interest of the decedent in a parcel of real property that at the time of decedent's death she and her husband, Carl N. Perini, the appellee herein, owned as tenants in common. We affirm the order.
This is the fourth appeal involving this same issue. The trial court based its order on the ground that, as a result of the three previous actions, the matter was res judicata, it having been previously determined that Carl N. Perini is, and since the death of Judith Perini, has been, the sole owner of the property. The history of this litigation, involving In re Estate of Perini, 493 P.2d 673 (not officially published), and Perini v. Bennett, 493 P.2d 675 (not officially published), is set forth in Witmer v. Perini, 32 Colo.App. 110, 508 P.2d 413. A repetition thereof would serve no useful purpose. Suffice it to say, in Perini v. Bennett, supra, we affirmed a judgment of the trial court which determined that, "Carl N. Perini is the owner of and entitled to possession of the premises described as Lot 47, PARAMOUNT PARK, according to the recorded plat thereof, situate in the County of Jefferson, State of Colorado." This is the same property involved in the present appeal, and the issue of title was properly before the trial court in that previous action.
"It is fundamental, and well understood, that the judgment of any court of competent jurisdiction, so long as it remains unreversed, is conclusive upon the parties and their privies when the judgment is rendered upon the merits, and without fraud or collusion, upon a matter within the jurisdiction of the court rendering the judgment." Fort v. Bietsch, 85 Colo. 176, 274 P. 812.
A successor fiduciary of an estate is in privity with his predecessor. Wilson-Harris v. Southwest Telephone Co., 193 Okl. 194, 141 P.2d 986, 148 A.L.R. 1337. See Hudson v. Western Oil Fields, Inc., 150 Colo. 456, 374 P.2d 403. The administratrix, appellant, is the successor fiduciary to Bennett, who was a party to the previous action. The issue sought to be litigated by appellant's motion was clearly res judicata.
The order of the trial court is affirmed. Further, since we find no conceivable basis for the current appeal other than delay, we determine this appeal to be frivolous and, pursuant to C.A.R. 38, we award appellee damages in the amount of one hundred dollars and double his costs, to be paid by appellant.
PIERCE and SMITH, JJ., concur.