[Civ. No. 55181. Second Dist., Div. Two. Aug. 22, 1979.]

ALVIN G. STAHMER et al., Plaintiffs and Appellants, v.
STANLEY J. SCHLEY, as Executor, etc., Defendant and Respondent.

**COUNSEL**

Rudolph E. Harper for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

**OPINION**

**FLEMING, J.**—Plaintiffs appeal a judgment dismissing their complaint for quasi-specific performance of an agreement to leave property by joint will and for imposition of a constructive trust. The dismissal followed the sustension of defendant's demurrer to the complaint without leave to amend. We reverse.

Plaintiffs are the children of Irene Stiehl and are two of the named beneficiaries under the joint and mutual will of Irene and her husband George Stiehl. Defendant is the executor and a beneficiary under a subsequent will of George. Plaintiffs commenced the instant action during the probate of this latter will. Plaintiffs' complaint alleges that in March 1963 Irene and George orally agreed to make a joint will disposing of their respective estates, and that in execution of that agreement they did make a joint will devising each's estate to the other and devising the combined estate of the survivor to named beneficiaries, among them plaintiffs. The survivor was named as executor of the joint will. Irene died in July 1970, but George, instead of probating the joint will, kept all the property of both, and in March 1976 executed a new will purporting to dispose of his and Irene's combined estate to defendant and four other beneficiaries.

After George's death in April 1977, defendant filed the 1976 will for probate. In November 1977 plaintiffs brought this action, alleging that "by reason of the execution of the joint and mutual will, and the acceptance by [George] of the benefits, the agreement evidenced by the will became irrevocable and enforceable" against George, who had been estopped from making other disposition of the combined estate. Defendant demurred to the complaint on grounds that, (1) it failed to allege a written agreement not to revoke, and (2) it failed to join as defendants the individual beneficiaries against whom the constructive trust was to be imposed. In March 1978 the trial court sustained the demurrer without leave to amend on the ground that there was "no agreement not to change" the will of the survivor. The court specifically noted that its decision was not based on plaintiffs' failure to join as parties the beneficiaries under the second will.

■ A joint will may be revoked by either testator (Prob. Code, § 23). However, when the testators have made a written agreement not to revoke, and the agreement is supported by consideration, equity will enforce the agreement by requiring the recipients of the estate to hold the property in constructive trust for the intended beneficiaries. (*Notten* v. *Mensing* (1935) 3 Cal.2d 469, 472-473 [45 P.2d 198].) ■ Similarly, when two persons make a joint will pursuant to an oral agreement to leave each's entire property to the survivor and on the death of the survivor to named beneficiaries, and one person performs the agreement by failing to revoke the will prior to his death; if the other party, having received the benefit of the agreement, then executes a new will in disregard of the agreed-upon disposition, equity will grant quasi-specific performance of the oral agreement and impose a constructive trust on the property in favor of the original beneficiaries. (*Notten* v. *Mensing, supra,* pp. 473-476.) This remedy presumes that a constructive fraud has been practiced upon the first decedent by the second decedent to the detriment of the original beneficiaries, and it hypothesizes that the newly designated beneficiaries of the surviving testator will be unjustly enriched if the oral agreement between the decedents is not enforced. Under such circumstances the newly designated beneficiaries become derivatively estopped to plead the statutory requirement of a written agreement to make a will. (Civ. Code, § 1624, subd. 6; *Notten* v. *Mensing, supra,* pp. 473-476; see also *Day* v. *Greene* (1963) 59 Cal.2d 404, 410-411 [29 Cal.Rptr. 785, 380 P.2d 385, 94 A.L.R.2d 802]; *Mintz* v. *Rowitz* (1970) 13 Cal.App.3d 216, 223-225 [91 Cal.Rptr. 435].) No intent to defraud on the part of the newly designated beneficiaries is necessary to create the estoppel. It suffices that a constructive fraud will result if these beneficiaries of the estate are

permitted to invoke the statute of frauds. (*Notten* v. *Mensing, supra,* p. 474; *Mintz* v. *Rowitz, supra,* p. 224.) Concededly, the legal structure of quasi-specific performance based on derivative estoppel to prevent unjust enrichment is a somewhat rickety bridge with which to span the statute of frauds, but it has shown itself sufficiently serviceable to handle the limited volume of traffic that moves across it, traffic which principally consists of mutual wills. Courts therefore continue to employ the doctrine in appropriate instances. (*Crail* v. *Blakely* (1973) 8 Cal.3d 744, 752 [106 Cal.Rptr. 187, 505 P.2d 1027].)

■ The sole issue on this appeal is whether the factual allegations of the complaint state a cause of action. (*Johnson* v. *Harcourt, Brace, Jovanovich, Inc.* (1974) 43 Cal.App.3d 880, 886 [118 Cal.Rptr. 370]; *Kobernick* v. *Shaw* (1977) 70 Cal.App.3d 914, 917 [139 Cal.Rptr. 188].) We construe the assertions of the complaint as sufficient to state a cause of action for quasi-specific performance and constructive trust under a theory of derivative estoppel. Although the existence of an oral agreement may be difficult to prove at trial in that it must be established by full, clear, and convincing evidence (*Notten* v. *Mensing* (1935) 3 Cal.2d 469, 477 [45 P.2d 198]), that problem is not now before us. (*Diaz* v. *United California Bank* (1977) 71 Cal.App.3d 161, 163-164 [139 Cal.Rptr. 314].) We also note that the complaint may be deficient in that it seeks to impose a constructive trust on the assets of the estate, but (1) prays for declaratory relief only, and (2) fails to name as defendants the beneficiaries of George's 1976 will on whom the constructive trust, to be effective, needs to be imposed. (See *Bank of California* v. *Superior Court* (1940) 16 Cal.2d 516, 524-526 [106 Cal.Rptr. 879]; *Estate of Hoffman* (1968) 265 Cal.App.2d 135, 142 [71 Cal.Rptr. 230].) These issues of pleading, however, we reserve for appropriate disposition by the trial court. (*Bank of California* v. *Superior Court, supra.*)

The judgment is reversed.

Roth, P. J., and Beach, J., concurred.