**Willard RIECK, Dale Rieck, Dorothy Struble, and Alva J. Lund, Plaintiffs-Appellants,**

v.

**Mary A. RIECK, in her capacity of personal representative of the Estate of Howard Rieck, and as an Individual, Defendant-Appellee.**

**No. 85CA0290.**

Colorado Court of Appeals, Div. I.

July 3, 1986.

---

Goodbar & Johnson, David M. Johnson, Colorado Springs, for plaintiffs-appellants.

Wilder, Wells & Larimer, P.C., Raymond E. Wilder, Colorado Springs, for defendant-appellee.

BABCOCK, Judge.

In this action for injunctive relief and to impose a resulting trust on the assets of the estate of Howard Rieck (decedent), plaintiffs, children and stepchildren of decedent, appeal the judgment of involuntary dismissal entered by the trial court in favor of decedent's widow, Mary A. Rieck (defendant), at the close of plaintiffs' case-in-chief. We affirm.

On January 13, 1983, decedent and defendant executed wills which contained mutual and reciprocal provisions. The wills provided, upon the death of the surviving spouse, that the family residence was to be left to defendant's son and the residue of each estate was to pass to the plaintiffs and to the defendant's son in equal shares.

Following Howard Rieck's death, plaintiffs, fearing that defendant would revoke or modify the terms of her will so as to disinherit them or reduce their expectancy, instituted this action alleging in essence that the mutual and reciprocal nature of the wills rendered defendant's will irrevocable and nonmodifiable. In ruling upon defendant's motion for dismissal, the trial court concluded that plaintiffs had established that the wills were reciprocal and that their execution gave rise to an implied covenant that they not be revoked or modified. However, the trial court dismissed the action on the ground that decedent's failure to modify or revoke his will did not constitute sufficient partial performance to remove the case from the provisions of § 15–11–701, C.R.S., governing contracts concerning succession. We agree with this result because the decedent and defendant failed to comply strictly with the provisions of § 15–11–701, C.R.S.

Section 15–11–701 provides:

"A contract to make a will or devise, or not to revoke a will or devise, or to die intestate, if executed after July 1, 1974, can be established only by the provisions

of a will stating material provisions of the contract, an express reference in a will to a contract and extrinsic evidence proving the terms of the contract, or a writing signed by the decedent evidencing the contract. The execution of a joint will or mutual or reciprocal wills does not create a presumption of a contract not to revoke the will or wills *and the fact that a will or wills executed at or about the same time contain mutual or reciprocal provisions, other than provisions relating to a contract, shall not be any evidence that such will or wills are made in consideration of each other."* (emphasis added)

The language of this statute is identical in all essential respects to that contained in the Uniform Probate Code § 2–701, except for the emphasized language which was engrafted on the Colorado statute from its predecessor. *See* C.R.S.1963, 153–5–41(1).

The statute in question is in the nature of a statute of frauds, specific to contracts concerning succession. *See In re Estate of Moore*, 137 Ariz. 176, 669 P.2d 609, (App. 1983); *see also Witmer v. Perini*, 32 Colo. App. 110, 508 P.2d 413 (1973) (construing C.R.S.1963, 153–5–41(1)). The comment to Uniform Probate Code § 2–701 states that the purpose of the section is to tighten the methods by which contracts concerning succession may be proved because oral contracts not to revoke wills have given rise to much litigation. 8 *Uniform Laws Annot. 129, Estate, Probate & Related Laws § 2–701 (1972)*. The language engrafted on § 15–11–701, C.R.S., adds force to our conclusion that the General Assembly has clearly and emphatically prescribed the "only" way in which a contract to make a will or devise, or not to revoke a will or devise, can be established, *i.e.,* by: (1) the terms of a will stating the material provisions of the contract; (2) an express reference in a will to a contract and extrinsic evidence proving the terms of the contract; or (3) a writing signed by the decedent evidencing the contract.

The wills in this case contained neither terms stating material provisions of any

contract nor an express reference to any contract. The attorney who prepared and witnessed both wills testified that he had no knowledge of any written or oral agreement between defendant and decedent regarding the succession of their property. He testified that he advised both decedent and defendant that defendant could at any time modify or revoke the provisions of her will and that decedent neither desired nor intended that defendant be restricted in any way from modifying or revoking the provisions of her will. Thus, there was no extrinsic evidence proving the terms of any contract, and there was no evidence of any writing signed by decedent evidencing such contract.

■■■ The trial court's reliance on the mutual and reciprocal provisions of the wills to imply an agreement that they not be revoked or modified is misplaced. Section 15–11–701, C.R.S., specifically provides that the mutual or reciprocal provisions of the wills "shall not be *any evidence* that such will or wills are made in consideration of each other." (emphasis added) Contracts for testamentary disposition of property must, like other contracts, be supported by sufficient valid consideration. *Blanchard v. White*, 217 Neb. 877, 351 N.W.2d 707 (1984). Consequently, there being no evidence of any oral contract not to revoke or modify the wills, there is nothing to enforce by the application of the equitable doctrine of part performance. *Cf. In re Estate of Cosman*, 193 N.J.Super. 664, 475 A.2d 659 (1984).

■■■ Even if we assume the existence of an oral agreement, however, the unequivocal declaration of legislative policy underlying § 15–11–701, C.R.S., *see Kiely v. St. Germain*, 670 P.2d 764 (Colo.1983), leads us to conclude that application of the equitable principle of part performance is unwarranted. *See In re Estate of Cosman, supra; but see Stahmer v. Schley*, 96 Cal.App.3d 200, 157 Cal.Rptr. 756 (1979). Application of this principle would nullify the clear purpose of the statute. *See In re Estate of Cosman, supra.* Testators are charged with knowledge of the statute in

existence at the time when their wills are made, and thus, any resulting inequities are not occasioned by the law, but by their failure to adhere to it. *See In re Estate of Cosman, supra.*

Judgment affirmed.

ENOCH, C.J., and KELLY, J., concur.