Thomas H. BOCK, Plaintiff–Appellant
and Cross–Appellee,

v.

Robert D. BRODY, Defendant–Appellee
and Cross–Appellant.

No. 92CA0914.

Colorado Court of Appeals,
Div. V.

Aug. 19, 1993.

Rehearing Denied Oct. 21, 1993.

Certiorari Granted April 11, 1994.

William R. Fishman, Denver, for plaintiff-appellant and cross-appellee.

Hamil Professional Corp., J. Lawrence Hamil, Michelle W. Stern, Christina V. Miller, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge RULAND.

Plaintiff, Thomas H. Bock, appeals from a judgment granting a directed verdict in favor of defendant, Robert D. Brody, on claims of fraud, fraudulent inducement to enter a contract, and breach of fiduciary duty. He also appeals the dismissal without prejudice of an unjust enrichment claim. Defendant cross-appeals the trial court's determination that the unjust enrichment claim should be dismissed without prejudice. We affirm in part, reverse in part, dismiss the appeal in part, and remand the case for further proceedings.

■ Because a directed verdict was granted at the close of plaintiff's evidence, we must construe the evidence in a light most favorable to plaintiff. *United Bank v. One Center Joint Venture,* 773 P.2d 637 (Colo. App.1989).

As of 1977, plaintiff was employed by a stock brokerage firm as the director of research. He also was assigned underwriting duties.

Plaintiff met defendant early in 1978. Defendant then owned all of the stock of American Growth Sponsors, Inc., which functioned as a sales company for mutual funds including a mutual fund controlled by defendant. Defendant also owned all of the stock of Investment Research Corporation which served as an investment advisor to the mutual fund.

The parties met in connection with a research assignment and developed a friendship thereafter. Subsequently, in response to an offer by defendant, plaintiff commenced employment with American Growth and Investment Research in December 1978.

During the next year, the parties developed a close personal relationship in the course of daily lunches, social events held between their respective families, and joint vacations. In this connection, plaintiff's testimony suggests that the relationship was akin to that of father and son.

Late in 1979, the underwriting market dissipated for the type of transactions handled by plaintiff for defendant's corporations. Plaintiff indicated to defendant that he might have to seek employment elsewhere.

In April or May 1980, the parties discussed whether plaintiff should abandon his career in corporate finance and underwriting and focus on selling shares of the mutual fund. However, plaintiff was reluctant to do so because of his lack of experience in that area.

In order to induce plaintiff to make the transition, defendant promised to leave all of his stock in the corporations to plaintiff in his will. Defendant also promised to take only enough money from the corporations to meet living expenses and to reinvest the remainder of any profits in the corporate business. Finally, defendant promised that he would install and maintain plaintiff as a director of Investment Research and American Growth.

Thereafter, plaintiff testified that he accompanied defendant to a bank where defendant showed plaintiff an executed codicil to his will. The codicil was consistent with defendant's promises except that no reference was made to defendant's commitment relative to his compensation from the corporations or plaintiff's position as a director of each corporation. Plaintiff further testified that a written codicil produced by defendant prior to trial which did not incorporate defendant's promise concerning the stock was not the same codicil that he had reviewed at the bank. This testimony must also be regarded as credible for purposes of defendant's motion.

Called as an adverse witness, defendant contradicted much of plaintiff's testimony. He stated that he had no intent to devise his stock to plaintiff in connection with the discussions relative to plaintiff undertaking sales of the mutual fund shares, and insofar as plaintiff relies upon this statement in support of his claims, we must do so as well.

Plaintiff was demoted by defendant from his position with the corporations in 1991. This litigation followed.

The original complaint included claims for breach of contract to make a will and breach of the covenant of good faith and fair dealing. These claims were dismissed before trial and that ruling is not challenged on appeal.

The original complaint also named American Growth and Investment Research as defendants. These parties were dismissed pri-

or to trial without prejudice pursuant to C.R.C.P. 41(a)(2). Also prior to trial, the court determined that the case should be severed and that the issue of liability only should be tried first.

## I.

■ Both parties challenge the trial court's dismissal without prejudice of plaintiff's claim for unjust enrichment. The basis for its order was that American Growth and Investment Research were not retained as parties to the proceeding and that any benefit conferred by plaintiff under his unjust enrichment theory accrued to these corporations.

Neither party challenges the conclusion that the corporations were benefitted by plaintiff's sales efforts, at least in part, and that these entities should be parties to any resolution of this claim. However, defendant argues that the dismissal must be with prejudice as to him. Plaintiff maintains, on the other hand, that any dismissal was erroneous because the evidence established his claim. We dismiss the appeal as to this claim.

■ Absent exceptions not urged here, a dismissal without prejudice is not a final order for purposes of appellate review. *See B.C. Investment Co. v. Throm,* 650 P.2d 1333 (Colo.App.1982). And, the court may dismiss a claim without prejudice at the close of plaintiff's evidence if, as here, it concludes that indispensable parties have not been included as required by C.R.C.P. 19. C.R.C.P. 41(b)(1); *see* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2371 (1971).

## II.

Plaintiff contends that the trial court erred in dismissing his claim for breach of fiduciary duty. In support of this contention, he relies upon the court's ruling that the evidence was sufficient to establish a confidential relationship between the parties, and he contends that this same evidence was sufficient to establish a fiduciary relationship as well. In the alternative, plaintiff contends that the evidence was sufficient to establish a partnership between the parties, thus creating a fiduciary relationship between them as a matter of law. We disagree with both contentions.

## A.

■ Generally, a fiduciary is defined as one who, by an agreement to undertake certain obligations for the benefit of another, retains a duty to act primarily for the benefit of the other in all respects connected with the undertaking because of the trust and confidence reposed. *Destefano v. Grabrian,* 763 P.2d 275 (Colo.1988). However, the existence of a confidential relationship, without more, is insufficient to establish a fiduciary relationship. *See First National Bank v. Theos,* 794 P.2d 1055 (Colo.App.1990); 1 A. Scott, *Trusts* § 2.5 (3rd ed. 1967). And, in this jurisdiction, we do not recognize a separate tort founded upon breach of a confidential relationship. *Todd Holding Co. v. Super Valu Stores, Inc.,* — P.2d — (Colo.App. No. 91CA1779, July 1, 1993); *see also Jarnigan v. Busby, Inc.,* 867 P.2d 63 (Colo.App. 1993).

■ As a result, we agree with the trial court's conclusion that the evidence was insufficient to submit this claim to the jury. Under plaintiff's theory of the case, defendant secured material benefits from the 1980 agreement, namely, plaintiff's commitment to undertake and increase sales of the mutual fund and defendant's right to draw sufficient funds from the corporations to meet his living needs. Under these circumstances, there is no agreement by defendant to act primarily for the benefit of plaintiff, and thus, the relationship is not properly characterized as fiduciary in nature.

## B.

■ We also agree with the trial court's conclusion that the evidence may not be construed as tending to show any partnership between the parties.

There was no agreement to share profits and losses from the corporations. Indeed, plaintiff's compensation was addressed by written agreements with each corporation, and there is no evidence or inference from the evidence from which a jury could con-

clude that he would be responsible for any loss. *See* § 7–60–107, C.R.S. (1986 Repl.Vol. 3A); *Mann v. Friden*, 132 Colo. 273, 287 P.2d 961 (1955). Hence, critical components of a partnership were not established.

## III.

Plaintiff next contends that the trial court erred in dismissing his claim for fraud in the inducement of a contract. Again, we disagree.

Ordinarily, fraud in the inducement of an employment contract is predicated upon misrepresentations of fact outside the scope of any contractual obligations. *See Berger v. Security Pacific Information Systems, Inc.*, 795 P.2d 1380 (Colo.App.1990) (addressing misrepresentations relative to the financial strength of a corporation in order to induce plaintiff to accept employment); *see also Stewart v. Jackson & Nash*, 976 F.2d 86 (2d Cir.1992) (addressing misrepresentations by a law firm concerning its environmental practice in order to induce an attorney to join the firm).

Here, however, plaintiff's theory was that promises were made by defendant in exchange for promises by plaintiff. Under these circumstances, the alleged fraud involves the subject matter of the contract and not the inducement to enter into it. *See Western Cities Broadcasting, Inc. v. Schueller*, 830 P.2d 1074 (Colo.App.1991). Hence, we find no error in the dismissal of this claim because it is duplicative of the fraud claim.

## IV.

Finally, plaintiff contends that the trial court erred in dismissing his fraud claim. Defendant responds that this claim could not be maintained because § 15–11–701, C.R.S. (1987 Repl.Vol. 6B) of the Colorado Probate Code bars any such claim. In the alternative, defendant argues that all of the alleged commitments he allegedly made constituted components of the 1980 agreement. Accordingly, defendant maintains that dismissal of the fraud claim was correct because the only remedy available to plaintiff was for breach of contract. We conclude that dismissal of this claim was error.

### A.

As relevant here, § 15–11–701 provides that:

A contract to make a ... devise ... can be established only by provisions of a will stating material provisions of the contract, an express reference in a will to a contract and extrinsic evidence proving the terms of the contract, or a writing signed by the decedent evidencing the contract.

This provision of the Probate Code has been characterized as analogous to the statute of frauds, which requires certain written evidence to establish a contract to convey real estate. *Witmer v. Perini*, 32 Colo.App. 110, 508 P.2d 413 (1973). However, the statute of frauds may not be employed as a mechanism to shield the commission of fraud. *See Kiely v. St. Germain*, 670 P.2d 764 (Colo.1983) (addressing the statute of frauds governing sale of securities); *In re Estate of Doerfer*, 100 Colo. 304, 67 P.2d 492 (1937) (addressing the statute of frauds governing real estate). And, a promise to do a future act made with no intent to abide by the promised performance constitutes a form of fraud. *H & H Distributors, Inc. v. BBC International, Inc.*, 812 P.2d 659 (Colo.App. 1990); Restatement (Second) of Torts § 530 (1977).

We conclude that the same reasoning must apply in the application of § 15–11–701. We recognize that the analogy between § 15–11–701 and the statute of frauds has not been extended to cover an exception premised on the doctrine of part performance. *See Rieck v. Rieck*, 724 P.2d 674 (1986). But, we conclude that the strong public policy against fraud makes the *Rieck* analysis inappropriate here. Hence, to the extent that one performs an agreement in reliance upon the fraudulent promise of another to make provision for the actor in a will, § 15–11–701 does not foreclose a court from imposing a remedy for commission of the fraud.

### B.

We also disagree with defendant's alternate contention that, because the alleged

promises were the subject of a contract, no claim in fraud may be asserted independently.

We need not address here whether plaintiff could pursue a fraud claim in addition to a claim for breach of contract. *See H & H Distributors, Inc. v. BBC International, Inc.,* supra; Phillips, *Tort or Contract: A History of Ambiguity & Uncertainty,* 21 Colo.Law. 241 (February 1992). This is because the claim for breach of contract is foreclosed by § 15–11–701. Under these circumstances, a remedy for fraud survives. *See* Restatement of Torts (Second) § 530 comment c (1977). Thus, the court erred in dismissing this claim.

We also do not consider what remedy may be available if liability is established because that issue has not yet been addressed by the trial court.

The judgment dismissing plaintiff's breach of fiduciary duty and fraud in the inducement claims is affirmed. The appeal of the ruling on the unjust enrichment claim is dismissed. The judgment dismissing plaintiff's fraud claim is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

BRIGGS, J., concurs.

ROTHENBERG, J., specially concurs.

Judge ROTHENBERG specially concurring.

I write separately because of my concern that Part IV of the majority opinion, which reinstates plaintiff's fraud claim, not be construed as holding that a plaintiff may attempt to advance a claim based upon an unenforceable contract, *see* § 15–11–701, C.R.S. (1987 Repl.Vol. 6B), under the guise of a fraud claim and recover damages equal to the promised contract consideration. In my view, plaintiff may recover only those damages, to the extent proven, that are a direct result of his *reliance* on the alleged fraud.

I concur in the judgment because the case was bifurcated and plaintiff's evidence was limited to liability only. Since no evidence of damages was presented, I agree that plaintiff

is entitled to an opportunity to prove that his claim for fraud and damages arising therefrom is not merely a reassertion of his failed claim for breach of contract.