## No. 17,963.

DINKSEY GREEN *v.* KATHLEEN MAY JONES, BY HER FATHER
AND NEXT FRIEND, LEIGHTON JONES.

(304 P. [2d] 901)

Decided September 10, 1956.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for plaintiff in error.

Mr. DUANE O. LITTELL, Mr. NICHOLAS E. DARROW, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Defendant in error, a minor, plaintiff in the trial court, through her next friend, obtained a jury verdict on November 10, 1955, in the amount of $7,500 for damages as a result of the alleged negligence of defendant in the operation of an automobile. Motion for new trial was overruled on the 24th day of January, 1956. It is stated in plaintiff in error's brief that the court on February 3, 1956, considered plaintiff's motion to enter judgment with interest.

The record proper is silent on this procedure; however, we are inclined to assume that plaintiff made such a motion, it being to plaintiff's interest to do so. On that date the trial court made the following order: "* * * Motion for new trial having been overruled, final judgment is hereby allowed in favor. of said plaintiff and against. the defendant in said sum of $7500.00, together with interest in the sum of $362.50, and costs to be taxed. * * *." On the lower. margin of this court order we find:

"Judgment is entered February 7, 1956, in the sum of $7,862.50.

"*Pearl H Stewart*
Clerk."

■ Application was made for this writ of error and the record on error filed May 2, 1956, ninety-nine days after January 24, 1956, when the motion for new trial was denied, and eighty-nine days after February 3, 1956, when the order for judgment and added interest was signed. Defendant in error filed motion to dismiss the writ of error on the ground that same was not sued out within the period of ninety days following January 24, 1956, the date on which the motion for new trial was overruled. It was plaintiff, who, by her complaint, claimed interest on any damages that might be awarded

and therefore was interested to see that such interest was added to the jury's verdict, and when so added, plaintiff would have a final judgment upon which execution could issue. The trial court entered such a judgment on February 3, 1956, and stated therein: "* * * final judgment is hereby allowed * * *," which judgment included the amount of the jury's verdict with the added interest. This concluded the trial court's action relative to the judgment. This being true, it was in fact and in law, the final judgment.

The writ of error was obtained from this court within the ninety-day period following February 3, 1956, the date of the final judgment, and is not subject to a motion to dismiss on the grounds here presented.

■ There seems to be no dispute, and it may be said to be conceded, that the writ of error was sued out within the ninety-day period following the order and judgment of February 3, 1956, and we may assume that the motion for additional interest was made within the time provided under Rule 59 (e) R.C.P. Colo., which provides that such a motion shall be filed not later than ten days after the entry of the judgment. While our statute concerning interest on damage claims is mandatory to the end that the trial judge shall compute and enter interest on any verdict or judgment calculated from the date of the filing of the complaint, we are not at liberty to assume that the trial court added the interest here involved of its own motion.

■ The judgment, which was amended to comply with plaintiff's request on February 3, 1956, is the only judgment in the case to which a writ of error would lie, and the writ of error sued out on such judgment on the eighty-ninth day is timely if we do not consider the additional time of four days shown by the judgment entry of the clerk, to which reference is hereinabove made.

For the reasons herein indicated the motion to dismiss the writ of error is denied.