**COUNTY OF IMPERIAL, in and for the STATE OF CALIFORNIA, and City of El Centro, California, Appellants,**

v.

**UNITED STATES of America (SMALL BUSINESS ADMINISTRATION),**
Appellee.

No. 19751.

United States Court of Appeals
Ninth Circuit.

June 30, 1965.

Orlando B. Foote, County Counsel, Thomas G. Hendricks, Deputy County Counsel, El Centro, Cal., Fielding Kimball, Dickenson & Sattinger, City Attys., El Centro, Cal., for appellants.

John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Frederick B. Abram-

son, Attys., Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and CRAIG, District Judge.

PER CURIAM.

A motion was made and granted in the district court for summary judgment (after a stipulation of all facts) holding plaintiff's tax liens had been extinguished by defendant's acquisition of title in foreclosure proceedings.

It is undisputed that this summary judgment was filed July 10, 1964 (Tr. 62). An "Amended Judgment" was filed July 30, 1964 (Tr. 65). This added a description of a second parcel to the real property described in the first judgment. A "Second Amended Judgment" was filed August 13, 1964, and entered August 14, 1964. This states the amendment was to correct "a clerical error," and changed a March 8, 1959 date to March 1, 1959 (Tr. 51).

Notice of appeal was filed October 12, 1964.

The government takes the position that the "proper judgment" attempted to be appealed from is the July 10th, 1964 judgment; that the two subsequent judgments "revised in immaterial ways." We do not agree. The inclusion of the second parcel in the July 30th, 1964 judgment was a material change, and a substantial one. We can envision cases where such an addition might require an appeal, while without it, no appeal would be desired by a losing litigant below. We come to this conclusion despite the fact that each change was apparently made on the court's own motion, under Federal Rules of Civil Procedure 60(a), "clerical mistakes", and not under Rule 73(a).

The Second Amended Judgment, on the other hand, was made to correct a true clerical error. Changing the March 8 date to March 1st affected no parties' rights. The defendant's lien attached on February 7, 1957 (R.T. 46–47), and whether plaintiff's tax liens attached on either March 8th or March 1, 1959, was

immaterial—in either event they would have been later, in point of time, to the defendant's lien. Crowell v. United States, 281 F. 835 (D.Mass.1922).

Taking the filing and entry date of the Amended Judgment (July 30, 1964) as the true date of the entry of the judgment appealed from, the County of Imperial was required to file its appeal within sixty days, or by September 28, 1964. This it failed to do by sixteen days.

We thus have no jurisdiction to hear this case. 28 U.S.C. § 2107. Fed.R. Civ.P. 73(a); F. T. C. v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952). There the Court said:

"[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity in a judgment previously rendered, should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." (344 U.S. at 211, 73 S.Ct. at 249, footnotes omitted.)

Cf.: Lieberman v. Gulf Oil Corp., 315 F.2d 403 (2d Cir.), cert. denied 375 U.S. 823, 84 S.Ct. 62, 11 L.Ed.2d 56 (1963); Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

Even if the government had not raised the issue of an untimely filing, we would have been required, of our own volition, to notice the fact and consider the question of jurisdiction. Fine v. Paramount Pictures, Inc., 171 F.2d 571 (7th Cir. 1949).

We have considered it, and find we have no jurisdiction. The appeal is dismissed.