## No. C-668

**Survey Engineers, Inc., a Colorado corporation v. The Zoline Foundation, an Illinois corporation, and Joseph Zoline**

(546 P.2d 1257)

Decided March 15, 1976.

Moore, Francis, & Van Domelen, P.C., Robert A. Francis, for petitioner.

Charles M. Stoddard, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Survey Engineers, Inc., the petitioner, brought an action against the Zoline Foundation and Joseph Zoline, the respondents, to recover $10,878.29 which the respondents allegedly owed the petitioner for services rendered in surveying the respondents' land. The trial court entered judgment for the petitioner in the amount of $607.50, and later amended its judgment and granted recovery for an additional $6,000. the Colorado Court of Appeals reversed that part of the judgment in the amount of $6,000 and affirmed the judgment for $607.50. *Survey Engineers, Inc. v. Zoline Foundation*, 35 Colo. App. 186, 532 P.2d 748 (1974). We granted certiorari and now reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

I.

In January, 1967, the respondents requested George Nelson, a registered land surveyor and an employee of Gerard Pesman, to perform certain survey services. At that time the petitioner was not yet incorporated. Later, however, Mr. Pesman incorporated his survey business and provided services to the respondents in that capacity. Pesman also assigned all of his accounts receivable to the corporation. The trial court determined that the corporation was the proper party and entitled to pursue this action. This ruling was upheld by the court of appeals and is not challenged in this court.

Following the respondents' request in 1967, the petitioner embarked upon several survey projects, the first of which was the verification of an earlier survey. Following trial the petitioner was awarded the reasonable value of this work in the amount of $607.50. That judgment is likewise not

challenged here.

The second project was perimeter or boundary survey, for which the petitioner submitted a statement in the amount of $10,878. The trial court, in its initial findings, found that the petitioner had incorrectly located the east quarter corner of the respondents' land thereby causing the north boundary to be inaccurately located. The court then concluded that the survey had not been substantially performed and was of no benefit to the respondent; therefore, the court held, the respondents owed nothing to the petitioner.

The trial court, however, subsequently vacated its findings of fact and conclusions of law. In the new findings, the court found, as it did before, that the east quarter corner was incorrectly located. But, the court found that the petitioner had not been negligent, had excercised due care in the performance of its duties, and had thus completed the contract. The trial court could not determine the contract price and granted a *quantum meruit* recovery for the petitioner in the amount of $6,000.

## II.

In reversing the trial court judgment, the court of appeals relied on the initial findings by the trial court. This was clearly erroneous since the initial findings of fact and conclusions of law had been expressly vacated by the terms of the amended judgment. *See Green v. Jones*, 134 Colo. 208, 304 P.2d 901 (1956).

Further, the court of appeals held that the evidence was insufficient to support a *quantum meruit* recovery. It is well settled that where a promisee has performed services, but cannot enforce an express contract, he may nevertheless recover so much as his efforts have benefitted the promisor. 5A *A. Corbin Contracts*, § 1122 (1964); Cf. *Reynolds v. Armstead*, 166 Colo. 372, 443 P.2d 990 (1968). It is required in the instant case, therefore, that a determination be made as to the benefit, if any, received by the respondents from the services rendered by the petitioner. The trial court's amended judgment is ambiguous in this regard. The trial court in the amended judgment referred to the "reasonable value of (the petitioner's) work." However, there may be a difference between the value to the petitioner of services performed and the benefit received by the respondents. See 5A *A. Corbin Contracts*, § 1124 (1964). Consequently, we reverse the judgment of the court of appeals and remand to the trial court for a determination based *on the record* regarding what benefit, if any, the respondents received from the inaccurate survey, the value of that benefit, and for entry of judgment based on those findings.

However, in order to eliminate the necessity for another appeal and its attendant delays, this court retains jurisdiction, subject to the remand, and the trial court shall, if either party requests, within 30 days after the entry of the judgment, recertify the record to this court for final disposition. If no such request is made, the trial court shall advise this court of

such fact and the appeal will be dismissed.

The judgment of the court of appeals is reversed and the action is remanded to the trial court for proceedings consistent with the views and directions expressed in this opinion.