In re the MARRIAGE OF Donald E. EVERHART, Appellant,

and

Joyce Harriet Everhart, Appellee.

No. 80CA0930.

Colorado Court of Appeals, Div. III.

Aug. 13, 1981.

Rehearing Denied Sept. 24, 1981.

Anthony J. DiCola, Hot Sulphur Springs, for appellant.

Andersen & Gehlhausen, Lamar, and Davidovich & Welton, Charles Welton, Denver, for appellee.

SMITH, Judge.

In this dissolution of marriage action husband appeals from permanent orders relating to division of property. He contends that the trial court made findings which are not supported by any evidence, that it erred in relying on values subsequent to the date of the decree in violation of § 14–10–113(5), C.R.S.1973, and that its findings are insufficient. Wife asserts that husband did not raise these issues in a timely manner by motion for new trial. We dismiss the appeal.

The following facts are pertinent to the jurisdictional issue asserted by the wife. The trial court entered "Findings of Fact, Conclusions of Law and Division of Marital Property" on January 16, 1980. The wife filed a motion for rehearing and amended motion for new trial in which she alleged that the court failed to make findings as to the increase in value during the marriage of corporate stock set aside to the husband as separate property and that its distribution of the marital property was inequitable. The trial court thereafter entered an amended judgment which included the spec- ified value finding and awarded to the wife some rental property which had been acquired by the husband prior to the marriage and had a combined separate and marital value of approximately $40,000. A $10,000 cash payment to the wife was substituted for a $30,000 cash payment payable over a four-year period in the original judgment.

Husband filed a motion for new trial after entry of the amended judgment alleging that the court erred in awarding husband's separate property to the wife and suggested that if the court wished to award her the increase in value of this property it could do so in the form of a cash award. The wife confessed error as to the award of separate property and concurred in the suggestion that she be awarded the amount of the increase in value of this property. The court in its second amended judgment adopted this suggestion in that the particular piece of property was set aside to the husband, and wife received in addition to the $10,000 cash payment previously ordered, a promissory note secured by a deed of trust on the rental property for the equivalent of its marital increase of $35,211. In all other respects this judgment was identical to the first amended judgment. Husband again moved for a new trial, not based upon alleged error in the last amended judgment but, alleging for the first time the errors asserted on this appeal. The trial court denied this motion, and husband filed his notice of appeal within 30 days after this order of denial but almost two months after entry of the second amended judgment and without any request for extension of time. See C.A.R. 4(a).

The timely filing of a notice of appeal is mandatory and jurisdictional. C.A.R. 4(a) provides that in a civil case the notice of appeal must be filed within 30 days of the entry of judgment or order appealed from. However, the running of this time is tolled by the filing by any party of either a timely motion to alter or amend judgment or a motion for a new trial until a motion for new trial is denied or a motion to alter or amend judgment is granted or denied. C.A.R. 4(a); *In re Marriage of Foster,* 39 Colo.App. 130, 564 P.2d 429 (1977).

The dispositive question that arises under the circumstances of this case in determining the timeliness of husband's appeal is whether he can appeal from the second amended judgment in its entirety or is limited to appealing from one of the earlier judgments. We conclude that as to the issues raised he is limited to an appeal from the first amended judgment.

Where an amendment to a judgment substantially affects the rights of the parties, it has been held that they must be given a new opportunity to appeal and the time for appeal commences to run from date of entry of the amended judgment. *County of Imperial v. United States*, 348 F.2d 904 (9th Cir. 1965); *George v. Bekins Van & Storage Co.*, 83 Cal.App.2d 478, 189 P.2d 301 (1948); *see generally* 9 *Moore's Federal Practice* ¶ 204.12[1] (2d ed. 1980); Annot., 21 A.L.R.2d 285. However, if the rights of the appealing party are not materially affected by the amendment and the relief from judgment could have been sought prior to the amendment, the time for appeal is not extended. *See George v. Bekins Van & Storage Co., supra; cf. In re Marriage of Foster, supra.* Moreover, it is generally not extended where the appellant procured the amendment. *Chenoweth v. Chenoweth*, 64 Ind.App. 260, 114 N.E. 988 (1917); Annot., 21 A.L.R.2d 285.

Here, the first amended judgment, entered subsequent to wife's motion, increased the total amount of husband's obligations and therefore could have affected his decision to appeal. *See County of Imperial v. United States, supra.* However, the second amended judgment was the result of relief which he sought and adopted a mechanism for distribution of property which he had suggested. Moreover, none of the findings now alleged to be without evidentiary support or to be the basis of a statutory violation were altered in the amended judgments. Hence, husband's time for appeal commenced to run upon entry of the first amended judgment and was tolled by the filing of his motion for new trial until the date of the second amended judgment which effectively granted his motion as a motion to alter or amend. That judgment became the final judgment, and his motion for new trial subsequent thereto and raising the issues asserted on this appeal was of no effect. *See also* 6A *Moore's Federal Practice* ¶ 59.13[1] and [4] (2d ed. 1979).

*Green v. Jones*, 134 Colo. 208, 304 P.2d 901 (1956), cited by the husband, is distinguishable because the appellant there had raised the issues asserted on appeal in a timely motion for new trial prior to the final amended judgment procured by appellee, and she filed a timely notice of appeal after the final judgment. Here, the notice of appeal after final judgment was not timely, since, as we have held, husband's second motion for new trial could not again toll the time for filing the notice of appeal. *Sarno v. Sarno*, 28 Colo.App. 598, 478 P.2d 711 (1970), is also inapposite.

Wife requests, without specifying any basis therefor, that we award her attorney fees. This we decline to do. *See generally, In re Marriage of Erickson*, Colo.App., 602 P.2d 909 (1979); *In re Marriage of Trask*, 40 Colo.App. 556, 580 P.2d 825 (1978).

The appeal is dismissed.

ENOCH, C. J., and PIERCE, J., concur.