ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY, a Minnesota cor-
poration, Plaintiff-Appellant,

v.

CONTINENTAL CASUALTY COMPA-
NY, an Illinois corporation,
Defendant-Appellee.

No. 80–1515.

United States Court of Appeals,
Tenth Circuit.

July 30, 1982.

W. Brent Wilcox, Salt Lake City, Utah (with Reid E. Lewis, Salt Lake City, Utah, on the brief), of Moyle & Draper, for plaintiff-appellant.

B. L. Dart, Salt Lake City, Utah (with John D. Parken, Salt Lake City, Utah, on the brief), of Dart & Stegall, Salt Lake City, Utah, for defendant-appellee.

Before McWILLIAMS, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Appellant St. Paul Fire and Marine Insurance Company filed this diversity action to compel appellee Continental Casualty Company to contribute a share of St. Paul's previous settlement of a legal malpractice claim. Continental filed a motion for summary judgment, which was granted on February 12, 1980. The Memorandum and Order granting the motion directed Continental to submit a form of Judgment. Continental complied and the Judgment was signed and entered on February 29, 1980. On March 5, 1980, St. Paul filed a pleading entitled "Objections to Proposed Order" which reads in its entirety:

> Plaintiff, St. Paul Fire & Marine Insurance Company, objects to the proposed Order submitted by counsel for Continental Casualty Company on the 29th day of February, 1980. St. Paul objects on the basis that the proposed Order fails to incorporate the essential terms of the Memorandum and Order of this Court dated February 12, 1980. If the proposed Order does not containe [sic] the essential terms of the Memorandum and Order, it should at the least incorporate by reference the terms of the Memorandum.

Record, vol. 1, at 238. The court held a hearing on the objection on April 28, 1980, at which time it ordered the objection struck. Record, vol. 4, at 12. A formal order striking the objection was entered on May 14, 1980. Record, vol. 1, at 242. St. Paul filed two notices of appeal, on May 13, 1980, and on May 19, 1980. Record, vol. 1, at 240–41, 244–45. Because we conclude that the only dispositive issue is the timeliness of St. Paul's appeal, which is a jurisdictional question, we do not discuss the facts bearing on the merits of this case.

St. Paul had 30 days after the date of entry of judgment within which to file its notice of appeal. Fed.R.App.P. 4(a)(1). However, the time for filing notice of appeal is tolled when certain types of motions are timely filed after the entry of judgment:

> If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

Fed.R.App.P. 4(a)(4). In addition, the district court may, upon timely motion, extend the time for filing notice of appeal. Fed.R.App.P. 4(a)(5).

In this case St. Paul did not file notice of appeal from the February 29 judgment until May 13; therefore, the notice was not filed within the 30 days allowed by Rule 4(a)(1). Unless the time for filing was tolled pursuant to Rule 4(a)(4) or extended pursuant to Rule 4(a)(5), St. Paul's notice of appeal· was untimely. Since there was no motion to extend the time for filing pursuant to Rule 4(a)(5), the only issue on appeal is whether St. Paul's "Objections to Proposed Order," filed March 5, 1980, was one of the types of motions that toll the time for filing notice of appeal under Rule 4(a)(4).

◼ A motion does not toll the time for appeal under Rule 4(a)(4) unless three requirements are met. First, the document filed must be a motion. Second, the motion must be timely. And third, the motion must be one of the four types of motions specified in the rule. Fed.R.App.P. 4(a)(4); see *Richerson v. Jones*, 572 F.2d 89, 93 (3d Cir. 1978). In determining whether these requirements are met, the courts look be-

yond the form of the document to determine its substance. *Whittaker v. Whittaker Corp.*, 639 F.2d 516, 520 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981); *Claybrook Drilling Co. v. Divanco, Inc.*, 336 F.2d 697, 700 (10th Cir. 1964).

■ Fed.R.Civ.P. 7(b)(1) defines a motion as an "application to the court for an order," and requires that a motion "state with particularity the grounds therefor, and ... set forth the relief or order sought." St. Paul's "Objections to Proposed Order" is in the form of a statement rather than an application or request for an order, and although it states grounds for its objection, it does not set forth the relief or order sought. Technically, therefore, it is not a motion. *See Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir. 1977). However, the district court treated it as a motion by holding a hearing on it and entering an order effectively denying it. While we do not condone such ambiguous pleading, we do not base our decision on this technical error in the form of the motion.[1]

The determinative issue, then, is whether St. Paul's "Objections to Proposed Order" was one of the four types of motions enumerated by Rule 4(a)(4). The pleading cannot be considered a motion for judgment n. o. v. under Rule 50(b) because no verdict was rendered. Nor can it be deemed a motion under Rule 59 for a new trial, because there was no trial. *See Jones v. Nelson*, 484 F.2d 1165, 1167 (10th Cir. 1973). Furthermore, the pleading was not a motion under Rule 52(b) to amend or make additional findings of fact, since findings of fact are unnecessary on decision of a motion for summary judgment, which assumes that there are no disputed issues of fact. Fed.R. Civ.P. 52(a), 56. The only question is whether St. Paul's "Objections to Proposed Order" can be considered a motion under Rule 59(e) to alter or amend the judgment. We hold that it cannot.

■ Motions to alter or amend the judgment are those which call into question the correctness of a judgment on some material point of fact or law, and may properly be cast in the form of a motion to reconsider, to vacate, to set aside, for reargument, or for rehearing. Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure*, § 3950, at 364 n.7 (1977); 9 *Moore's Federal Practice*, ¶ 204.12[1], at 4–67 (1982). Motions seeking mere technical changes in the form of a judgment are not Rule 59(e) motions and do not toll the time for filing notice of appeal; rather, they are akin to Rule 60(a) motions to correct clerical errors in a judgment. *See United States v. 1,431.-80 Acres of Land*, 466 F.2d 820, 822 (8th Cir. 1972); *Albers v. Gant*, 435 F.2d 146, 148 (5th Cir. 1970); *County of Imperial v. United States*, 348 F.2d 904, 905 (9th Cir. 1965). In the latter case, the court stated:

> [T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity in a judgment previously rendered, should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.

348 F.2d at 905 (quoting *F. T. C. v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211–12, 73 S.Ct. 245, 248–249, 97 L.Ed. 245 (1952)). *See also Whittaker v. Whittaker Corp.*, 639 F.2d 516, 520–21 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981). In essence, therefore, the issue is whether the motion, if granted, would affect the finality of the court's disposition of the case. *See United States v. 1,431.80 Acres of Land*, 466 F.2d 820, 822 (8th Cir. 1972); *Albers v. Gant*, 435

---

1. Since St. Paul's "motion" is not within the contemplation of any rule of federal procedure, we do not address the issue of whether it was timely filed in the district court.

F.2d 146, 148 (5th Cir. 1970); *County of Imperial v. United States*, 348 F.2d 904, 905 (9th Cir. 1965); *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

 In this case, St. Paul's "Objections" called into question only the form of the judgment, not its substantive correctness. St. Paul sought only to have the judgment recite the essential terms of, or incorporate by reference, the Memorandum and Order. St. Paul apparently feared that unless the judgment referred to the Memorandum decision, Continental could argue on appeal that the basis of the judgment was broader than that set forth in the district court's Memorandum decision. This argument is totally unfounded since the appellate court has before it the entire record and can easily ascertain the legal basis for the district court's judgment from the Memorandum decision. Under the authorities cited above, motions seeking such immaterial (and, we add, unnecessary) changes in the form of a judgment do not rise to the level of a motion that tolls the time for filing notice of appeal under Rule 4(a)(4). Even if the objection had been sustained, the resulting change in the judgment would not have affected its finality.

We have examined all of the cases cited by St. Paul and note that they all involved motions for reconsideration, for rehearing, or to vacate. In each case the motion questioned the substantive validity of the judgment and not merely its form. St. Paul did not request the court to reconsider or vacate the judgment or to rehear its arguments against summary judgment, or otherwise call into question the substantive correctness of the judgment. Therefore, these cases do not aid St. Paul.

Since St. Paul's "Objections to Proposed Order" did not toll the time for filing its notice of appeal, the May 13 and May 19 notices of appeal from the February 29 Judgment were filed untimely, and we have no jurisdiction to hear the appeal. *Carnes v. United States*, 279 F.2d 378, 379 (10th Cir. 1960).

 One final problem requires our consideration. The May 19 notice of appeal was timely filed with respect to the Order of May 14 striking St. Paul's "Objections to Proposed Order." We therefore have jurisdiction to consider the appeal from this particular order. However, for the reasons already stated, the trial judge properly struck the Objection because it sought only an unnecessary amendment to the Judgment. In all respects, therefore, St. Paul's appeal is dismissed.

APPEAL DISMISSED.