Kristine J. NICHOLLS; Christopher D. Nicholls Appellants

v.

John F. BUCHAN; Gloria Buchan Appellees

No. 01–35203.

0981–2: CV–00–01081–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2002.

Decided Aug. 29, 2002.

Gould, Circuit Judge, filed a dissenting opinion.

Before BROWNING, B. FLETCHER, and GOULD, Circuit Judges.

### MEMORANDUM *

Debtor–Appellants Christopher D. Nicholls and Kristine J. Nicholls (the "Nicholls") appeal a decision of the district court accepting jurisdiction over Creditor–Appellees John F. Buchan and Gloria Buchan's (the "Buchans") appeal of the decision of the bankruptcy court. We vacate for lack of jurisdiction and remand to the bankruptcy court for further proceedings.

### I

The bankruptcy court issued a judgment on April 26, 2000, awarding $574,167 plus $3,000 to the Buchans on the merits of their claim, subtracting $16,000 to be paid by them in sanctions, and simultaneously awarding $138,921.51 in attorneys' fees to the Nicholls. This judgment was modified by the court *sua sponte* on June 12, 2000, reducing the amount of attorneys' fees awarded individually to the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.

Nicholls to $55,000 and reserving the remainder of the fees to their estate. The Buchans appealed to the district court on June 22, 2000. The Nicholls argued that because no aspect of the modified judgment was appealed and because it did not disadvantage the Buchans, the district court was required to compute the jurisdictional filing deadline from the date of the entry of the original judgment. Because the Buchans' appeal was 57 days removed from the original judgment, the Nicholls moved to dismiss the appeal for lack of jurisdiction. The district court denied the motion and subsequently issued an order, on January 25, 2001, ruling that attorneys' fees were unavailable to the Nicholls on two of their claims litigated before the bankruptcy court. The Nicholls challenge the district court's jurisdiction to hear the Buchans' appeal. We must first determine our own appellate jurisdiction before we can proceed to the merits.[1]

"Although we ordinarily lack jurisdiction when the lower appellate decision remands for further factual findings related to a central issue raised on appeal, we may assert jurisdiction if the appellate 'issue is *legal* in nature and its resolution either 1) could dispose of the case or proceeding and obviate the need for factfinding; or 2) would materially aid the bankruptcy court in reaching its disposition on remand.'" *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506–07 (9th Cir.1995) (quoting *Bonner Mall P'ship v. U.S. Bancorp Mortgage Co. (In re Bonner Mall P'ship)*, 2 F.3d 899, 904 (9th Cir.1993)).

In the present case, the Nicholls challenge the appellate jurisdiction of the district court under 28 U.S.C. § 158(a)(1), because of the Buchans' failure to comply with Rule 8002 of the Federal Rules of Bankruptcy Procedure. Rule 8002 requires that appeals of final decisions of the bankruptcy court be filed within 10 days of entry of the court's judgment or within 10 days of the court's resolution of a timely motion for reconsideration. There is no dispute as to when any of the filings at issue were made, and the district court agrees that "the Buchans' appeal must be dismissed as untimely unless the ten day period began to run with the entry of the amended judgment on June 12, 2000." Therefore, this is a purely legal issue that, if resolved in the appellants' favor, would result in the dismissal of the Buchans' appeal to the district court and thereby obviate the need for further factual determinations by the bankruptcy court. Accordingly, we have jurisdiction to hear the Nicholls' appeal under 28 U.S.C. § 158(d).

## II

We review the district court's decision on appeal from a bankruptcy court *de novo*. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 n. 9 (9th Cir.2000) (en banc).

"The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir.1994). An untimely motion for reconsideration will not extend the time in which a notice of appeal may be filed. *Preblich v. Battley (In re Preblich)*, 181 F.3d 1048, 1057 (9th Cir.1999). Here, the Buchans filed their motion for reconsideration of the bankruptcy court's April

---

**1.** "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264, 265 (1868).

26, 2000 decision, which was entered on April 27, 2002, on May 10, 2000, three days after the 10 day period for filing the motion had run.

The district court ruled that the appeal was timely under the theory that the June 12, 2000, *sua sponte* order modifying its judgment materially affected the rights of the parties, thereby tolling the time in which the Buchan's could file their notice of appeal until 10 days from that date. This was error. In support of its ruling, the district court relied on *County of Imperial v. United States,* 348 F.2d 904 (9th Cir.1965), which holds that amendment of a summary judgment order to include a second parcel of land as covered by ruling on property tax liens did not correct a mere "clerical mistake" under Fed. R.Civ.P. 60(a) but constituted a substantial, material change to the judgment, thereby tolling the period in which the government was permitted to appeal, *id.* at 905. However, we have subsequently held that a modified judgment that benefits the appellant " 'cannot possibly subject the entire original judgment to a new opportunity' for appeal." *Atchison, Topeka & Santa Fe v. Cal. State,* 102 F.3d 425, 427 (9th Cir.1996) (quoting *Harman v. Harper,* 7 F.3d 1455, 1457 (9th Cir.1993)). The issue before us therefore turns upon how we interpret the bankruptcy court's original judgment.

The court's judgment stated, pre-modification, that "Defendants Christopher and Kristine Nicholls ("Defendants") are awarded judgment against Plaintiffs [the Buchans] in the amount of $138,921.51 for attorneys' fees and costs associated with the defense of the nondischargability claims, the avoidance of the Deed of Trust on the Sultan property, the commercial reasonableness of the collection of accounts receivable and the amount of Plaintiffs' claim." The court then stayed this judgment pending appeal. The Buchans argue that the bankruptcy court intended for this award to be paid to the estate, from which the Buchans are eligible to recover as creditors, and that the amended order harmed them materially by separating $55,000 to be paid to the Nicholls personally.

This interpretation of the court's original order contradicts, not only the plain language of the order which awards fees and costs to the Nicholls by name, but also the court's own explanation of its order, provided on June 9, 2000, when the court announced the amendments orally. There the court stated that it had initially concluded that "the Nicholls had a personal right to recovery of attorneys' fees because they were the personal defendants." The court amended its order following the realization that only some of the Buchans' claims were made personally against the Nicholls and others against the estate. The Buchans were not harmed by the June 12 amendments, but were in fact benefitted by them. Therefore, the district court lacked jurisdiction to hear the Buchans appeal.

We vacate the judgment of the district court and remand to the bankruptcy court.

**VACATE AND REMAND TO THE BANKRUPTCY COURT.**

GOULD, J., dissenting.

I respectfully dissent, believing that the district court had jurisdiction to consider the Buchans' appeal of the decision of the bankruptcy court. The district court properly used that jurisdiction to correct substantive errors, which the majority's erroneous ruling on jurisdiction instead necessarily leaves uncorrected.

The record taken as a whole is ambiguous, and it is not unreasonable to conclude, as the district court apparently did, that the order appealed from contracted rather

than expanded the benefits for the Buchans' individually, the opposite of the conclusion upon which the majority relies. I agree with the majority that this ambiguity and divergence of our views depends entirely on whether the first order of the Bankruptcy Court, which awarded $138,921.51 in attorney's fees to "Defendants Christopher and Kristine Nicholls," meant the Nicholls individually, as the majority reads it, or their estate in bankruptcy, as I believe the district court reasonably read it. I believe that the district court's reading not only accords with reality as perceived by the parties at the time of the first order, but also sustains the district court's proper exercise of its jurisdiction to correct legal error that creates injustice.

I must therefore respectfully disagree with and dissent from the majority's view that, in context, this reference to "Defendants Christopher and Kristine Nicholls" necessarily meant them individually. It is true that the comment made by the Bankruptcy Court when amending the order can be viewed as supportive of the majority's position. However, the Bankruptcy Court's comments at the time of its ambiguous initial decision indicate otherwise. For example, at the hearing in which the Bankruptcy Court announced its decision, the court ruled that any attorney's fees recovered from the Buchans would be returned to the estate:

> This is as good a place as any to take aside into the main case and simply note that there will be no objection to the fee application for compensation from the estate for counsel, special counsel and the accountant. They seem in order, and I will approve them. Of course, anything that might ultimately be recovered from Mr. Buchan will have to be off set against those awards.

This, to me, demonstrates that the court meant originally to award the entire attorney's fees to the Nicholls' estate, not to the Nicholls in their individual capacity, for otherwise funds recovered from Buchan would not be offset. It is incorrect in these unusual circumstances, in my view, to give controlling weight to an ambiguous statement made at time of amendment; it is more appropriate to look to the total context of the order when first made, which is what would guide the parties in their decisions. I would sustain the district court's jurisdiction.

But, if there is uncertainty as to what the Bankruptcy Court intended, which in my view there is, we should remand to the district court directing it to remand to the Bankruptcy Court to clarify the meaning of its first order. Our jurisdiction to assess jurisdiction permits such a remand. We need not, and should not, guess at what the first order meant when it has dispositive effect, and significant monetary impact on the parties, under a rule of law that neither side seriously disputes. A remand would permit resolution of the issue by the Bankruptcy Court that entered the ambiguous order in the first place, and thereby avoid the unnecessary risks of interpretive error that the majority embraces.