580 P.2d 825 (1978)
In re the MARRIAGE OF Barbara S. TRASK, Appellee, and
Timothy S. Trask, Appellant.
No. 77-521.
Colorado Court of Appeals, Div. III.
April 20, 1978.
Rehearing Denied May 11, 1978.
Certiorari Denied July 3, 1978.
*826 Charles E. Butler, Jenkins, O'Rourke & Sandstrom, P. C., Patti O'Rourke, Pueblo, for appellee.
Maurice R. Franks, Pueblo, for appellant.
SMITH, Judge.
Pursuant to a dissolution of marriage decree entered on March 27, 1973, the appellee, wife, was given custody of the minor child of the parties. The appellant, husband, was ordered to pay child support. Shortly thereafter, the wife surrendered physical custody of the minor child to the husband, and on January 24, 1977, pursuant to a stipulation of the parties, the court entered an order which terminated the husband's support obligations and granted him legal custody of the child.
On February 17, 1977, the husband filed a motion seeking to require the wife to pay child support. After a hearing, the trial court denied the husband's motion and subsequently awarded the wife $100 in attorney's fees.
On appeal, the husband challenges the trial court's denial of his motion for child support and the propriety of the trial court's award to his former wife of $100 attorney's fees. We affirm.
The trial court denied the husband's motion for child support based upon its findings that:
1. husband had sufficient income with which to support the parties' minor child;
2. the wife who had remarried was five months pregnant;
3. she was unemployed;
4. she had no income;
5. she lacked any independent ability to contribute to the support of the minor child or to pay any attorney's fees incurred in defending the motion, and;
6. impliedly, $100 was a reasonable attorney's fee.
The facts upon which these findings were made were undisputed. The findings must therefore stand.
The only possible remaining basis for an appeal must then be premised on the assertion that the trial judge either exceeded his jurisdiction or abused his discretion. That the rulings entered by the trial court are within the jurisdiction of the court is so patently obvious and well supported, by both statutory and case authority, that no citation is required. To prevail on this appeal then, it must be established by a demonstration in the record that the trial court was either biased, prejudiced, that it acted based upon some improper motive, or that it abused its discretion by incorrectly applying the law to its factual findings. The record is totally devoid of any indication that any of these factors existed.
Appellant's counsel has arguedindeed that he has premised virtually the entire appeal upon his beliefthat the trial court was engaged in what he calls the "systematic practice of awarding attorney's fees in favor of litigants of the female sex *827 [which] is anachronistic, sexist, violative of Colorado Constitution Article II, Section 29, and of the due process and equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution." He argues, likewise, that because a woman who has elected to become pregnant has a federally protected right to employment, it is "sexist" and discriminatory for a trial court to refuse to order her to work so that she might be required to contribute to the support of her child on a parity with its father.
We have, in the past when this appellant's counsel has raised these same arguments to us, carefully examined each case on its individual merits. We have considered the constitutional implications of the statute, and have, in each case, examined the manner in which the trial court has exercised its discretion. In each case we have rejected the broad general arguments made here as not applicable to the specific case in which they were made. Based upon our examination of the entire record and the briefs in this case, we must do so again. Furthermore, under the provisions of C.A.R. 38, we conclude that the instant appeal is so lacking in substantive merit as to be frivolous.
A motion requesting us to assess damages under C.A.R. 38 has been filed by the appellee, supported by affidavits, to which an argument in opposition has been filed. We conclude from the affidavits, after considering the arguments, that the appellee has suffered damage as a result of this unjustified appeal, and that an appropriate measure of that damage is the amount of the expenditure for legal fees and expenses which she has incurred in defending her position in those proceedings which have occurred subsequent to the trial court's order herein. These amount to $937.50. We further conclude that she therefore is entitled to an award of damages under the provisions of C.A.R. 38, in that amount.
The orders of the trial court are affirmed and the cause is remanded with directions to the trial court to enter judgment in favor of the appellee for damages in the amount of $937.50. Also, pursuant to C.A.R. 39(a) the costs of this appeal are taxed against the appellant.
PIERCE and KELLY, JJ., concur.