**In re the MARRIAGE OF: Irene L. NORTON, Appellee,**

**and**

**Thomas F. Norton, Appellant.**

**No. 80CA1245.**

Colorado Court of Appeals, Div. II.

Sept. 17, 1981.

Rehearing Denied Oct. 8, 1981.

Certiorari Denied Feb. 1, 1982.

Epstein, Epstein & Lozow, P. C., Frederick Epstein, Peter L. Franklin, Denver, for appellee.

Dorothy Tomasetti, James S. Kimmel, Littleton, for appellant.

KELLY, Judge.

In this dissolution of marriage case, the husband, Thomas F. Norton, appeals from that portion of the permanent orders entered by the trial court pertaining to his visitation rights with the parties' minor child. We affirm.

The parties were married on May 27, 1979, and separated on October 10, 1979. They have one child, born May 25, 1980. The dissolution of marriage decree was entered on September 9, 1980, at which time the trial court entered permanent orders.

The orders directed that the father be afforded "adequate opportunity for input as to the upbringing and care of the child" and "reasonable and liberal visitation," which included every Sunday afternoon and one afternoon during the week. The court retained jurisdiction and offered to modify the terms of the visitation as the child grows older, stating:

> "[W]hen the child reaches one year or one year and six months, when the child becomes more mobile and is more in need for input into the visitation . . . then the Court will be happy . . . to provide modifications to these visitation orders."

The father contends that the trial court's visitation order was an abuse of discretion based on sex bias which will permanently deprive him of a lasting and meaningful relationship with his son, whom he is better qualified to raise because he took a course in child care. Sex bias is not readily found in an order awarding custody to a mother who is breastfeeding her child. Instead of permanently depriving the father of a meaningful relationship with his son, the trial court explicitly set forth plans to reconsider the father's visitation rights the following year. It is unclear whether the father seeks joint custody, but even if he does, the trial court recognized that joint custody cannot be awarded absent agreement, and the mother does not want joint custody. The visitation awarded by the court is clearly "reasonable visitation rights" under § 14–10–129, C.R.S.1973.

■ We view this as a frivolous appeal, wasting the time of counsel and this court. Although not requested by appellee, we, nevertheless, award appellee damages of $1,000, pursuant to C.A.R. 38.

Judgment affirmed.

VAN CISE, J., concurs.

TURSI, J., concurs in part and dissents in part.

TURSI, Judge, concurs in part and dissents in part.

I fully concur in affirming the trial court's order.

However, although the record herein is demonstrative of the extreme immaturity of the Respondent, it does not, in my opinion, show an intent to be frivolous or to be wasteful of the time of the court. Therefore, I dissent on the award of damages pursuant to C.A.R. 38, which is denominated "Damages for Delay."