MISSION DENVER CO., a Colorado corporation, d/b/a KERE Radio Station, Petitioner,

v.

James R. PIERSON, Jr., Respondent,

v.

UNITED BANK OF DENVER NATIONAL ASSOCIATION, Plaintiff.

No. 83SC16.

Supreme Court of Colorado, En Banc.

Jan. 9, 1984.

Akolt, Dick & Akolt, John P. Akolt, Jr., Denver, Allan R. Manka, San Antonio, Tex., for petitioner.

John M. Prentiss, Jr., Littleton, for respondent.

United Bank of Denver, Nat. Ass'n, not appearing.

ERICKSON, Chief Justice.

We granted certiorari to review *United Bank of Denver National Association v. Pierson,* 661 P.2d 1191 (Colo.App.1982), which imposed sanctions pursuant to C.A.R. 38 for prosecution of a frivolous appeal.[1] The Court of Appeals, *sua sponte,* found the appeal to be frivolous and awarded damages of $500 and double costs to appellee. Because C.A.R. 38 does not spell out standards for determining when an appeal is frivolous, we granted certiorari. In our view, the appeal was not frivolous and we therefore reverse and dismiss the award of damages and double costs.

## I.

United Bank of Denver National Association (United Bank) sued Pierson in Denver District Court for deficiency on a car lease agreement following repossession and sale of a leased car. Pierson cross-claimed against his employer, KERE Radio Station (KERE), and alleged that KERE was primarily liable because Pierson had entered into the lease agreement for KERE's benefit and with KERE's knowledge. After trial to the court, judgment was entered in favor of United Bank against Pierson. The trial court also entered judgment in favor of Pierson against KERE for the same amount, based on the court's ruling that KERE was financially responsible for the lease payments on the car.

KERE appealed, claiming that the judgment in favor of Pierson and against KERE was not supported by "competent evidence or any evidence."[2] KERE's briefs asserted that (1) Pierson had executed the car lease as an individual; (2) KERE denied knowledge of a lease payment agreement by Pierson until approximately eighteen months after its execution; (3) the trial court admitted "the fact situation gets muddled a little bit" concerning the third-party complaint; (4) KERE's company policy was to provide cars to employees in Pierson's position in exchange for KERE's radio advertising; and (5) it was company policy that no money change hands on these "trade-out agreements."[3] KERE emphasized the testimony of the secretary to the president of KERE. She said that she specifically re-

---

1. C.A.R. 38 provides: "If the appellate court shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."

2. KERE relied on *Anderson v. Cold Spring Tungsten,* 170 Colo. 7, 11–12, 458 P.2d 756, 758 (1969), where the court said:
   "In reviewing such issues of fact, this Court has taken the position that it will not set aside the findings of the trial judge where they are sustained by competent and adequate evidence, *amply appearing from the record.* But such restraint in no way limits the power of this Court to reject the findings and conclusions of the trial judge where they are not supported by any evidence in the record or where the law has not been been applied correctly." (Citation omitted.) (Emphasis in original.)

3. The exchange of radio advertising for goods or services is known as a trade-out agreement. Under the terms of this trade-out agreement, Centennial State Leasing (Centennial) was to provide KERE and Pierson with a 1979 Chrysler for twelve months. Centennial was to make all lease payments on the car, provide license plates, and assume all responsibility for lease of the car at the end of the year. In return, KERE was to provide Centennial with $9,600 worth of radio advertising. Simultaneously with execution of the trade-out agreement, Centennial had Pierson sign a car lease with United Bank obligating Pierson to make lease payments. When Centennial failed to make lease payments as provided for by the trade-out agreement, United Bank repossessed the car and filed suit against Pierson for the deficiency.

called sending a copy of the trade-out agreement to company headquarters in Texas, but equivocated about whether she sent a copy of the lease to headquarters. Finally, KERE argued that the record established that KERE's company policy required the president to approve any transaction involving over $100 and that the president had never approved the lease agreement.

The Court of Appeals concluded that the sole issue on appeal was whether the evidence supported the trial court's judgment and held that it did.[4] The Court of Appeals concluded that "[s]ince this appeal involved *only* factual determinations and it is not argued that there was *no* evidence to support them, we deem it frivolous and, in accordance with C.A.R. 38, award damages in the amount of $500 and double costs to appellee." *United Bank of Denver v. Pierson,* 661 P.2d at 1192 (emphasis in original).

KERE repeatedly asserted that it sought to come within the exception to the general rule that a trial court's findings are not to be disturbed on appeal *unless clearly erroneous and not supported by the record. See Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979). The issue of the sufficiency of the evidence was ably and extensively argued by both sides. At no time prior to the Court of Appeals' ruling did the appellee suggest that KERE's appeal was frivolous nor did appellee request relief under C.A.R. 38.

## II.

The Court of Appeals has imposed C.A.R. 38 sanctions for a frivolous appeal,[5] either on its own initiative, *see, e.g., In re Marriage of Norton,* 640 P.2d 254 (Colo.App. 1981), or when requested by appellee, *see, e.g., In re Marriage of Trask,* 40 Colo.App. 556, 580 P.2d 825 (1978). A request to impose sanctions has been denied where the appellee failed to ask for a specific amount of damages or to clearly state the basis for the request. *See, e.g., In re Marriage of Everhart,* 636 P.2d 1321 (Colo.App.1981) (wife did not specify basis for her request); *In re Marriage of Mann,* 655 P.2d 814 (Colo. 1982) (number of issues raised by husband on appeal were frivolous, but as wife did not specify an amount requested for damages, none awarded). Requests for sanctions have also been denied where the court has made a specific finding that an appeal was not frivolous because it presented questions of first impression. *See Wyatt v. United Airlines, Inc.,* 638 P.2d 812 (Colo. App.1981).

In fulfilling his duty under Canon 7 of the Code of Professional Responsibility to zealously represent a client, a lawyer may advance a claim or defense not recognized under existing law if it can be supported by a good faith argument for an extension, modification, or reversal of existing law. Code of Professional Responsibility DR 7–102. Because a lawyer may present a supportable argument which is extremely unlikely to prevail on appeal, it cannot be said that an unsuccessful appeal is necessarily frivolous. Standards for determining whether an appeal is frivolous should be directed toward penalizing egregious conduct without deterring a lawyer from vigorously asserting his client's rights.

---

**4.** The Court of Appeals relied on the following language from *Linley v. Hanson,* 173 Colo. 239, 242, 477 P.2d 453, 454 (1970):

"The sole inquiry of the Court of Appeals regarding the fact issue should have been whether there was sufficient evidence in the record to sustain the trial court's findings even though it was possible for reasonable men to arrive at different conclusions based on the same facts." (Citation omitted.)

**5.** *See, e.g., In re Estate of Perini,* 34 Colo.App. 201, 526 P.2d 313 (1974) (on fourth appeal of same issues, "no conceivable basis for the current appeal other than delay"); *In re Marriage*

*of Trask,* 40 Colo.App. 556, 580 P.2d 825 (1978) (where appellant's lawyer had raised the same arguments regarding trial court's awarding attorney fees to female litigants in other cases and each time the argument was rejected, the Court of Appeals found the instant appeal so lacking in substantive merit as to be frivolous); *Rogers v. Charnes,* 656 P.2d 1322 (Colo.App. 1982) (plaintiff's counsel's full knowledge of the facts and accurate understanding of the law led to conclusion "appeal is frivolous, and filed only to effect an unwarranted delay in the revocation of plaintiff's license").

C.A.R. 38 should therefore be used to impose sanctions only in clear cases.

 The Court of Appeals in *International Technical Instruments, Inc. v. Engineering Measurements Co.,* (Colo.App.1983), adopted a definition of "frivolous" to be used in applying section 13–17–101(3), C.R.S.1973 (1982 Supp.),[6] which authorizes courts to award attorney fees under certain conditions in suits for money damages. We believe that the definition of frivolous used there should also control in C.A.R. 38 cases and hold that an appeal should be considered frivolous if the proponent can present no rational argument based on the evidence or law in support of a proponent's claim or defense, or the appeal is prosecuted for the sole purpose of harassment or delay. *See Morton v. Allied Stores Corp.,* 90 F.R.D. 352 (D.Colo.1981); *see also Pegues v. Morehouse Parish School Bd.,* 706 F.2d 735 (5th Cir.1983); *cf. In re Marriage of Trask,* 40 Colo.App. 556, 580 P.2d 825 (1978); *In re Estate of Perini,* 34 Colo.App. 201, 526 P.2d 313 (1974) (no conceivable basis for appeal other than delay).

### III.

 KERE's appeal cannot be deemed frivolous in the light of the standards set forth in this opinion. From our review of the record, we cannot conclude that KERE presented no rational argument based on the evidence. The appeal sought reversal in the Court of Appeals because the trial court's findings either were not supported by any evidence or were not sustained by competent, adequate evidence which appeared in the record. We do not find that KERE's appeal, merely because ultimately unsuccessful, presented no rational argument in support of its claims or that the purpose was for harassment or delay.

### IV.

 When an appellate court imposes C.A.R. 38 sanctions upon an appellant, due process requires that the appellant be afforded certain protections before being deprived of his property. He is entitled to notice and an opportunity to respond, *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

 If an appellee requests the reviewing court to impose C.A.R. 38 sanctions in his opposition brief, the appellant will necessarily have notice and can respond. If C.A.R. 38 sanctions are to be imposed, *sua sponte,* against an appellant, however, the appellant must be given an opportunity to respond after he is provided with notice.

Appellee never asked the Court of Appeals to impose sanctions. Appellant first learned that it had prosecuted what the Court of Appeals believed to be a frivolous appeal when the court's opinion was published. KERE did not receive notice. Its petition for rehearing which addressed the issue was denied.

Accordingly, since KERE's appeal was not frivolous, we reverse and dismiss the sanctions imposed by the Court of Appeals.

ROVIRA, J., does not participate.

---

**6.** Section 13–17–101(3) provides:

"The court shall not award attorney fees among the parties unless it finds that the bringing, maintaining, or defense of the action against the party entitled to such award was frivolous or groundless. . . ."