Audrey **ROBINSON**, Petitioner,

v.

**CAMPBELL DEVELOPMENT, INC.;** Home Indemnity Company, and the Industrial Commission of the State of Colorado, Respondents.

No. 84CA0642.

Colorado Court of Appeals,
Div. II.

Oct. 17, 1985.

Rehearing Denied Nov. 29, 1985.
Certiorari Denied Jan. 27, 1986.

Banowetz, Liggett & Moore, Thomas H. Moore, Fort Collins, for petitioner.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Denver, for respondents Campbell Development, Inc. and Home Indem. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

STERNBERG, Judge.

Claimant, Audrey Robinson, seeks review of a final order of the Industrial Commission finding that she had a permanent partial disability of four percent as a working unit. We affirm.

Claimant suffered compensable injuries to her ribs, clavicle, lower back, and hip. She testified that she had also suffered a non-work-related back injury in 1968.

Claimant's treating physician opined that she is suffering from an aggravation of her previous back problem, and he also stated that he would not advise claimant to attempt to work more than the three days per week she was working at the time of the hearing.

The examining physician rated claimant's disability due to her work-related accident at four percent. He did not recommend any formal treatment for claimant other than exercise, an increase in activities, and weight reduction.

The Industrial Commission found that, in addition to the three days claimant is able to work for the employer, she also works on a part-time basis as an Avon representative and is the housekeeper for her family. It concluded that claimant was capable of working more than 24 hours per week for employer and that she had a permanent partial disability of 4% as a working unit as of the date she reached maximum medical improvement.

Claimant contends that inasmuch as she has been able to work only 24 hours per week since her accident, the Commission erred in finding only four percent permanent partial disability. We disagree.

We agree with claimant that "the extent of a worker's disability is based on the loss or impairment of his earning capacity." *Evans v. Aurora Elevator Co.,* 631 P.2d 1201 (Colo.App.1981). However, here there was competent evidence that claimant's earning capacity was not impaired. The examining physician indicated that claimant was able to work in excess of the hours she was working. In fact, claimant testified that her work as an Avon representative was essentially the same work she performed for her employer. The award by the Commission is supported by the evidence in the record and is therefore binding on review. *See Evans v. Aurora Elevator Co., supra.*

Claimant further contends the Commission erred in not ordering temporary partial disability from May 24, 1982, until she was able to return to work full-time. We disagree.

Generally, permanent disability is determined as of the time authorized physicians treating a claimant for work-related injuries advise they can do nothing further for the claimant. *Dziewior v. Michigan General Corp.,* 672 P.2d 1026 (Colo.App. 1983). Here, her examining physician indicated that claimant had reached maximum medical improvement by May 29, 1982. Moreover, claimant testified that her condition had stabilized when she went back to work in May 1982. Hence, the Commission did not err in determining that May 1982 was the date that claimant reached maxi-

mum medical improvement and was, therefore, the date to be used for determining claimant's percentage of permanent partial disability. *See Dziewior v. Michigan General Corp., supra.*

Employer requests relief under C.A.R. 38(d) on the basis that claimant's petition for review is frivolous. Here, we cannot conclude that claimant presented no rational arguments based on the evidence and therefore do not find her petition to be frivolous. *See Mission Denver Co. v. Pierson,* 674 P.2d 363 (Colo.1984).

Order affirmed.

SMITH and VAN CISE, JJ., concur.