Weldon **SULLIVAN**, **Plaintiff–Appellant**,

v.

Harold **LUTZ**, **Defendant–Appellee**,

and **Concerning Levine and Pitler, P.C., Appellant.**

No. 91CA0412.

Colorado Court of Appeals,
Div. C.

Feb. 27, 1992.

Levine and Pitler, P.C., Robert L. Pitler, Englewood, for plaintiff-appellant.

Wood, Ris & Hames, P.C., Mark R. Davis, Denver, for defendant-appellee.

Levine and Pitler, P.C., pro se.

Opinion by Judge HUME.

Plaintiff, Weldon Sullivan, and his attorneys, Levine and Pitler, P.C., appeal the trial court's order assessing attorney fees against them and in favor of defendant, Harold D. Lutz. We affirm in part, reverse in part, and remand for further proceedings.

Defendant is an attorney who began representing plaintiff at some point during the 1970s. In November 1980, defendant sent plaintiff a letter stating that the Arvada City Council was considering a lawsuit to compel the installation of a fire protection system in plaintiff's store. Defendant also stated in his letter that the city council would probably drop the matter if plaintiff did not oppose an urban renewal funding initiative during an upcoming election. Apparently, plaintiff did not oppose the initiative, and, in early 1981, the proposal passed.

In late 1985, plaintiff learned the urban renewal authority had purchased property in which defendant's family owned some interest. Plaintiff responded to this news by filing the instant action, claiming that profits from the sale of that property should be subjected to a constructive trust because defendant's November 1980 letter failed to disclose defendant's interest in the property. The trial court dismissed plaintiff's complaint and, concluding that the action was frivolous and groundless, awarded attorney fees to defendant.

Plaintiff and his attorneys appealed, and this court affirmed the dismissal of the complaint. However, we vacated the award of attorney fees and remanded the matter for the trial court to make findings as required by §§ 13–17–102 and 13–17–103, C.R.S. (1987 Repl.Vol. 6A).

On remand, plaintiff and his attorneys argued that they should not be subjected to a sanction because they were engaged in a good faith effort to expand existing law. The trial court rejected this argument and awarded defendant his attorney fees incurred in defending the claim before the trial court *and* in the first appeal.

I.

■ Plaintiff and his attorneys assert that the award of attorney fees must be vacated because the trial court failed to consider several of the factors set forth in § 13–17–103. This assertion is belied by the record.

In determining whether a claim or defense is substantially frivolous or groundless, a trial court must consider the factors set forth in § 13–17–103(1), C.R.S. (1987 Repl.Vol. 6A), and it must specify the reasons for the award. *Haney v. City Court,* 779 P.2d 1312 (Colo.1989); *Pedlow v. Stamp,* 776 P.2d 382 (Colo.1989).

Here, the statutory factors which plaintiff claims were not considered involve the

financial condition of the parties and the factual bases underlying the complaint. The trial court, however, specifically concluded these factors were not relevant in view of its ruling that there was no legal basis for plaintiff's claims. In addition, we note that no evidence was presented as to the relative financial condition of the parties, and that factor was not placed in issue before the trial court.

The trial court's order indicates that it properly considered evidence as to the pertinent statutory factors, and its findings are sufficiently explicit to permit review of its determination. *See Coldwell Banker Commercial Group, Inc. v. Hegge*, 770 P.2d 1297 (Colo.App.1988). Hence, we conclude that the trial court's findings were adequate.

## II.

■ Plaintiff also asserts that the claims were asserted in a good faith effort to expand the law and that, therefore, any award of fees was precluded by § 13–17–102(7), C.R.S. (1987 Repl.Vol. 6A). We disagree.

Section 13–17–102(7) provides that: "No attorney or party shall be assessed attorney fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith effort to establish a new theory of law in Colorado."

■ Contrary to the assertions of plaintiff and his attorneys, a trial court's determination that a claim was asserted in good faith, standing alone, is insufficient to invoke the protection of § 13–17–102(7). The statutory reference to "a good faith attempt to establish a new theory of law" presumes that, in addition to filing a novel claim, the party will attempt to advance a plausible theory and argument for the adoption of the new legal principle. However, if a party fails to present plausible arguments in support of a novel claim, sanctions may be imposed under the statute, irrespective of the subjective state of mind of the party or the attorney at the time the claim was asserted.

Such a construction promotes the legislative goal of discouraging the filing of frivolous and groundless claims, *see* § 13–17–101, without unnecessarily impeding an attorney's ethical obligation to represent a client zealously. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo.1984) ("In fulfilling his duty under Canon 7 of the Code of Professional Responsibility to zealously represent a client, a lawyer may advance a claim or defense not recognized under existing law if it can be *supported by a good faith argument* for an extension, modification, or reversal of existing law." (emphasis added)).

Here, plaintiff's request for the imposition of a constructive trust was premised on the assertion that defendant's failure to disclose his family's interest in 1980 constituted a breach of a fiduciary duty. The nondisclosure, according to plaintiff, affected his political conduct in 1980. This, in turn, resulted in the creation of the urban renewal authority and, ultimately, the sale of property which was owned by defendant's family and in which defendant had some interest.

In the initial appeal of this matter, plaintiff conceded that "any connection between the passage of the referendum and plaintiff's political conduct is speculative, at best." In view of this concession, there is no rational basis for the assertion that the sale of defendant's property was somehow attributable to the purported breach of defendant's fiduciary duty. Under these circumstances, there is no legal or equitable principle that would rationally support plaintiff's claim that the law of constructive trusts should be extended to incorporate his claim.

Accordingly, we conclude the trial court did not err in imposing sanctions under § 13–17–102 for fees incurred in defending plaintiff's claim before the trial court.

## III.

■ Plaintiff finally contends the trial court erred in awarding defendant those fees incurred in defending the previous appeal. We agree.

Section 13–17–102(1), C.R.S. (1987 Repl. Vol. 6A) provides in pertinent part as follows:

> Subject to the provisions of this section, in any civil action of any nature commenced or *appealed in any court* of record in this state, *the court* may award ... as part of its judgment ... reasonable attorney fees.  (emphasis added)

The emphasized language indicates that attorney fees incurred in an appeal may be awarded under the statute only by the court in which the appeal is brought.  This construction of the statute is consistent with C.A.R. 38(d), which allows an appellate·court to award damages and single or double costs if that court determines that an appeal is frivolous.  In our view, the general assembly did not intend for the statute to permit a trial court to determine, after a remand, whether an appeal was frivolous or groundless.  Accordingly, we conclude that the trial court was without authority to award attorney fees for plaintiff's initial appeal, absent direction to do so by the appellate court.

Defendant's request for an award under C.A.R. 38(d) of attorney fees for this second appeal is denied.

The portion of the order awarding attorney fees incurred on the first appeal is reversed.  In all other respects, the order is affirmed, and the cause is remanded to the trial court for entry of judgment in accordance with this opinion.

JONES and HODGES *, JJ., concur.