**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 10, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

JIMMY JONES,

    Plaintiff - Appellant,

v.

TRACEY WOODROW, individually, and
in her official capacity as Evidence
Technician for Archuleta County Sheriff's
Office; MARSHALL CURRIER,
individually and in his official capacity as
tow truck operator for J.R. Towing; J.R.
TOWING INC.; BRIAN REIS,
individually and in his official capacity as
Sergeant Deputy for Archuleta County
Sheriff's Office; CHRIS VAN
WAGENEN, individually and in his
official capacity as Patrol Deputy for
Archuleta County Sheriff's Office;
RICHARD VALDEZ, individually and in
his official capacity as Sheriff of Archuleta
County, Colorado; EDWARD
WILLIAMS, individually and in his
official capacity as Commander of
Archuleta County Detention Facility;
COUNTY OF ARCHULETA,

    Defendants - Appellees.

and

UNKNOWN DOES 1-6, individually and
in their official capacities as employees for
Archuleta County Sheriff's
Office/Detention Facility; UNKNOWN
DOE 7, individually and in his/her official

No. 24-1313
(D.C. No. 1:22-CV-00545-CMA-SBP)
(D. Colo.)

capacity as Evidence Technician for
Archuleta County Sheriff's Office,

Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MATHESON**, and **FEDERICO**, Circuit Judges.
_____

Jimmy Jones, appearing pro se,[1] appeals from the district court's entry of final

judgment in favor of defendants on his 42 U.S.C. § 1983 claims stemming from a

traffic stop, his ensuing arrest, and the impoundment and sale of his truck.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

### A.  *Factual History*

On the afternoon of March 7, 2021, two Archuleta County Sheriff's Office

(ACSO) deputies, Brian Reis and Chris Van Wagenen, observed Mr. Jones driving an

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Jones proceeds pro se, we liberally construe his pleadings, but do not act as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

2

unregistered truck eastbound on U.S. Route 160 through the town of Pagosa Springs, Colorado. The deputies stopped Mr. Jones and asked for his "papers." R. vol. I at 30. Mr. Jones refused to produce any identification, proof of ownership, or insurance documentation. Mr. Jones, by his own admission, did not believe he was obligated to register the truck with the State of Colorado or to produce his identification or registration to the deputies.

The deputies issued a citation to Mr. Jones for failing to display proper registration on his vehicle and operating the vehicle with expired insurance. Mr. Jones refused to sign the citation. He was arrested and transported to jail. Mr. Jones remained in jail until the afternoon of March 9, 2021, when he appeared before a judge and was released from custody.

After taking Mr. Jones into custody, the deputies decided to impound the truck. The deputies contacted J.R. Towing, which sent employee Marshall Currier to the scene in a tow truck. The deputies signed a Vehicle Impoundment Record stating that Mr. Jones's truck was being impounded for "No Registration (expired)" and "No Insurance." R. vol. I at 38 (internal quotation marks omitted). Mr. Currier towed the impounded truck to J.R. Towing's private lot. The following day, an unknown ACSO employee, Unknown Doe 7, entered a "Towed Vehicle Summary" into the ACSO computer system indicating that Mr. Jones's vehicle was "ABANDONED." *Id.* (internal quotation marks omitted).

Following the impoundment, Tracey Woodrow, an ACSO evidence technician, completed a national title search for the truck and determined the truck's last

3

registered owner was Tennessee resident Dustin Carter. On March 15, 2021, Ms. Woodrow sent written notice of the impoundment to Mr. Carter. Mr. Carter contacted ACSO and J.R. Towing and disclaimed any interest in the truck. The truck was sold to an unnamed individual in April 2021.

### B. *Procedural History*

In March 2022, Mr. Jones filed a pro se complaint asserting claims for relief under 42 U.S.C. § 1983 against Archuleta County, multiple named and unnamed ACSO officials, J.R. Towing, and Mr. Currier.

The district court, in response to motions to dismiss, dismissed all of the claims except for a Fifth Amendment takings claim asserted against J.R. Towing, Mr. Currier, Ms. Woodrow, and Unknown Doe 7. The court later dismissed Unknown Doe 7 due to Mr. Jones's failure to identify or prosecute a claim against this defendant. Finally, the court entered summary judgment in favor of Ms. Woodrow, J.R. Towing, and Mr. Currier on the takings claim.

The district court denied Mr. Jones's motion for leave to file an amended complaint and entered final judgment in the case.

## II. DISCUSSION

Mr. Jones raises six issues on appeal. We find no merit to any of them and affirm.

### A. *Unreasonable search and seizure claim*

Mr. Jones first challenges the district court's dismissal of his claim that Deputies Reis and Van Wegenen conducted an unreasonable search and seizure of his

4

vehicle in violation of the Fourth Amendment. "We review *de novo* a dismissal for failure to state a claim." *Griffith v. El Paso Cnty., Colo.*, 129 F.4th 790, 806 (10th Cir. 2025). "When reviewing a Rule 12(b)(6) dismissal, we accept a complaint's well-pleaded allegations as true, viewing all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings." *Id.* at 806–07 (internal quotation marks omitted).

Mr. Jones argues the deputies were not entitled to stop him for failing to display proper registration on his truck because the truck did not qualify as a "motor vehicle" under Colorado state law. Aplt. Br. at 8 (internal quotation marks omitted). He argues that "instead of using [the truck] primarily for travel," he "commonly and generally use[d] it to transport persons and property." *Id.* He contends the district court erred in concluding otherwise and should have allowed the issue "to be determined by a jury." *Id.* at 9.

We reject this argument. Colorado law defines the term "motor vehicle" to mean, in relevant part, "any self-propelled vehicle that is designed primarily for travel on the public highway and that is generally and commonly used to transport persons and property over the public highways . . . ." Colo. Rev. Stat. § 42-1-102(58)(a). Mr. Jones's truck, a 2002 Ford F250, clearly fell within the plain language of this definition because it was "designed primarily for travel on the public highway" and is of the type that "is generally and commonly used to transport persons and property over the public highways." *See generally Haney v. City Court In and For City of Empire*, 779 P.2d 1312, 1315 (Colo. 1989) (holding that

5

Colorado's definition of "motor vehicle" includes motorized vehicles driven by private individuals for their personal use).

## B. *The impoundment of Mr. Jones's truck*

In his second issue on appeal, Mr. Jones argues "[t]he district court erred in concluding . . . the impoundment and seizure" of his truck "from a lawful parking spot in the absence of a warrant was not a Fourth Amendment violation." Aplt. Br. at 9. He argues "the facts establish that before" his truck "was seized and impounded," he "was not under arrest," his truck "was not hazardous or disabled, was not parked illegally, and was not obstructing traffic on public roads." *Id.*

This argument lacks merit. Deputies Reis and Van Wegenen arrested Mr. Jones before his truck was seized and impounded. The deputies had to decide what to do with the truck, which, by Mr. Jones's own admission, was parked along a public highway. *See United States v. Woodard*, 5 F.4th 1148, 1150 (10th Cir. 2021) ("When the driver is arrested, the police must decide what to do with the car."). As the magistrate judge and district court noted, there was no allegation, let alone evidence, "that there was someone else (such as a passenger) who was available to drive the [truck] and remove it from the [public] road" where it was parked. R. vol. I at 156. We therefore agree with the district court that the complaint "fail[ed] to adequately allege any reasonable alternatives to impoundment or that the decision to impound was unreasonable." *Id.*

6

C. *Denial of leave to amend complaint*

Mr. Jones argues in his third issue that the district court erred in denying his motion for leave to file an amended complaint. Generally speaking, we "apply the abuse-of-discretion standard when reviewing a denial of leave to amend." *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 972 (10th Cir. 2021) (internal quotation marks omitted). To the extent, however, "the district court denies leave to amend based on futility, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (brackets and internal quotation marks omitted).

Mr. Jones moved, over defendants' objections, to file a first amended complaint nearly two years after he filed his original complaint and long after the district court granted the public official defendants' motions to dismiss. In his motion, Mr. Jones alleged he was seeking to: (a) remove Unknown Does 1–7 and the County as defendants; (b) add ACSO as a defendant because "it was responsible for the unlawful sale of [his truck] and the failure to properly train its agents and employees"; (c) remove several of his original claims and replace them with revised claims; and (d) add several new counts, including two claims for malicious prosecution, a claim for failure to provide him with due process of law before selling his truck, and three conspiracy claims. R. vol. II at 64.

The magistrate judge recommended denying Mr. Jones's motion for two reasons: (1) Mr. Jones was "impermissibly seek[ing] to bring back claims [the district court] dismissed with prejudice"; and (2) the proposed amended complaint, which

7

was over 100 pages in length, "violate[d] the pleading requirements of Federal Rule of Civil Procedure 8" because it was "verbose, unduly complex and indirect, and in large measure, unintelligible." *Id.* at 506–07. The district court, however, ultimately denied Mr. Jones's motion to amend as moot after it granted summary judgment in favor of J.R. Towing, Mr. Currier, and Ms. Woodrow and effectively disposed of all the claims asserted in Mr. Jones's original complaint.

We conclude the district court did not abuse its discretion in denying Mr. Jones's motion to amend. When the district court ruled on the motion, it had disposed of all the claims alleged in Mr. Jones's original complaint and intended to enter final judgment. *See Mtn. Home Flight Serv., Inc. v. Baxter Cnty., Ark.*, 758 F.3d 1038, 1046 (8th Cir. 2014) (concluding district court did not abuse discretion when it denied motion for leave to amend complaint after it intended to dismiss the entire action). Because an amended complaint supersedes and renders void the original complaint, allowing Mr. Jones to file his proposed amended complaint would have effectively undermined the district court's prior dispositive rulings and its intent to dismiss the entire action. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) (noting that an amended complaint supersedes a prior complaint and renders it of no legal effect). Moreover, we agree with the magistrate judge that Mr. Jones's proposed amendment was both (1) futile, because it effectively sought, in part, to resuscitate claims that the district court previously dismissed, and (2) violative of Federal Rule of Civil Procedure 8.

8

D. *Procedural due process claim*

In his fourth issue, Mr. Jones challenges the district court's dismissal of the procedural due process claim he asserted against J.R. Towing and Mr. Currier. As previously noted, "[w]e review de novo a dismissal for failure to state a claim." *Griffith*, 129 F.4th at 806.

The district court concluded Mr. Jones's "unabashed admission that he purposefully neglected to register his truck under his name prove[d] fatal to his procedural due process claim" against J.R. Towing and Mr. Currier. R. vol. II at 500. The court noted that "Colorado law clearly states that a vehicle owner's failure to register his vehicle is a waiver of his right to notice of the vehicle's abandonment and sale." *Id.* It concluded that because Mr. Jones knowingly failed to register his truck, he "was not entitled to notice via certified mail" and "was not deprived of any due process." *Id.* The court concluded that, "[h]aving ignored the available procedures, Mr. Jones [wa]s in no position to argue that said procedures were unlawfully withheld from him." *Id.* at 500–01 (internal quotation marks omitted).

We agree with the district court. The statute it cited, Colo. Rev. Stat. § 42-4-2108(1)(b), plainly states that "[f]ailure to register a vehicle . . . is deemed a waiver of the owner's right to be notified" under the rules that govern the removal, storage, and disposal of motor vehicles that are abandoned on private property. Because Mr. Jones knowingly chose not to register his truck, he was not entitled to the procedures that otherwise apply under Colorado law when a properly registered vehicle is impounded.

9

### E. *Striking of Rule 72 objections*

In his fifth issue, Mr. Jones argues the district court "erred in striking" two of his "Rule 72 objections." Aplt. Br. at 12. Both concerned recommendations by the magistrate judge regarding Mr. Jones's motion for leave to file an amended complaint. Mr. Jones submitted them within the time period normally allowed for objections to a magistrate judge's recommendation, but after the district court had entered final judgment. The district court thus ordered the two Rule 72 objections stricken. We discern no abuse of discretion. The district court had disposed of all of the claims when it received Mr. Jones's objections. The court already had considered and properly rejected Mr. Jones's motion to amend his complaint.

### F. *As-applied constitutional challenge*

In his sixth and final issue, Mr. Jones argues the district court erred in "ignoring [his] as applied constitutional challenge, where [he] argued the Defendants/Appellees misapplied the registration provision of the motor vehicle code to private property used solely for the purposes of public vehicular travel." *Id.* at 12-13. We reject this argument because it is essentially the same one that Mr. Jones makes in his first issue on appeal—that his truck did not qualify as a "motor vehicle" under Colorado state law.

## III. **CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge